### L. T. ADDINGTON v. A. McDONNELL and M. B. SETZER.

Equity will not enforce the specific performance of a contract unless it be practicable, and unless the party seeking relief show that in reasonable time he performed his part of the contract, or at the time of seeking relief is able and ready to do so; nor will it rescind a contract otherwise valid, because subsequent events have so materially changed its operation as to render it hard and oppressive upon one of the parties; *therefore,*

Where in 1863 one agreed, for a sum in Confederate money, to sell land to another, &c., and to relieve the land from a dower estate; and a deed for the land was then executed and a partial payment made; *Held,* that upon the former party's delaying to tender a deed for the dower right *until* 1867, he could not compel the latter to specific performance of his part of such contract; *also,*

That he had no right to ask for a rescission of the contract.

BILL in equity, set for hearing upon the pleading and proofs, at Fall Term 1868, of the Superior Court of MACON, and then by consent transmitted to this Court.

The facts appear sufficiently in the opinion of the Court.

No counsel for the plaintiff.

*Phillips & Merrimon,* contra.

DICK, J. When a contract was fully understood by the par-

ties at the time of its inception, and it is not vitiated by illegality or fraud, a Court of Equity will not rescind it; although subsequent events may have so materially changed its operation as to make it hard and oppressive on one of the parties. It is also a rule of equity, with regard to the specific performance of contracts, that they must be decreed to be performed on both sides and entirely, or not at all.

A person, therefore, seeking the specific performance of a contract, must show that it contains mutuality of consideration and remedy, and that its enforcement is practicable and necessary; and he must further show that in reasonable time, he has performed his part of the contract, or that he is then ready and able to execute it specifically. Batten on Spec. Per. 108.

By applying these well settled principles of equity to the contract now under consideration, it will appear that the complainant is not entitled to the relief which he seeks. On the 20th of August, 1863, he contracted, for the sum of fifteen hundred dollars, to sell a tract of land, and various articles of personal property, to the defendant, McDonnell, and agreed to relieve said land from the incumbrance of a dower interest. This contract was partially performed by the execution of a deed to said defendant, who paid part of the purchase money, and gave his note for the residue. In the Spring of 1867, more than three years afterwards, the complainant tendered a deed for said dower interest to the defendant, and demanded payment of the note in United States currency, to the full amount called for, &c.

The defendant refused the deed, and declined to make payment, because his personal property had not been delivered, and the fulfilment of the other part of the contract, had been unreasonably delayed by complainant. If he had performed his part of the contract in a reasonable time, there would probably have been no difficulty about the matter. It is agreed by both parties, that the note for the purchase money was solvable in Confederate currency. As this part of the

contract cannot now be specifically enforced, a Court of Equity will not interfere in the matter, but leave the parties to assert their rights in a court of law.

The alternative prayer in the bill for a rescission of the contract, cannot be granted. The contract was fair, just and well understood by the parties at the time it was made, and subsequent events will not give rise to the equity of rescission and cancellation.

The bill must be dismissed.

Per Curiam.                                    Bill dismissed.