George F. DARDEN, Jr., Appellant,

v.

A. W. HOUTZ, Appellee.

No. 9844.

United States Court of Appeals Fourth Circuit.

Argued May 4, 1965.

Decided Nov. 10, 1965.

William L. Parker, Norfolk, Va. (Oscar Leach, Raleigh, N. C., on the brief) for appellant.

John H. Hall, Elizabeth City, N. C. (Killian Barwick, Elizabeth City, N. C., on the brief) for appellee.

Before SOBELOFF and BELL, Circuit Judges, and LEWIS, District Judge.

OREN R. LEWIS, District Judge.

This is a suit brought by George F. Darden, Jr. against A. W. Houtz, C. B. Hollowell and Wiley B. Coppersmith, Jr. for specific performance of an alleged contract and option involving approximately 5,500 acres of land in Camden and Currituck Counties, North Carolina.

The plaintiff alleges that the defendant, A. W. Houtz, took title to the property as trustee for his use and benefit.

The defendant Houtz denies any contractual relationship with the plaintiff and alleges he is a bona fide purchaser for value and is the owner in fee simple of all the lands involved in the controversy.

The defendants Hollowell and Coppersmith moved the Court to be dismissed from the action on the ground that no affirmative relief was asked for against them. There being no objection to the motion, these two defendants were dismissed prior to the hearing.

The District Court denied all relief sought by the plaintiff and dismissed his suit. Perceiving no error, we affirm.

The facts surrounding this transaction, as found by the District Court, are as follows.

Some time during the spring of 1961, C. B. Hollowell [1] obtained an option from E. A. Jones and others to purchase some 5,500 acres of land lying in Camden and Currituck Counties, North Carolina, for the sum of $60,000.00, said option to expire November 23, 1961.

Shortly thereafter Hollowell assigned a one-half interest in this option to W. B. Coppersmith, Jr. [1] Hollowell and Coppersmith then engaged T. L. Woodhouse, Jr., a Virginia Beach real estate broker,

---

1. Hollowell and Coppersmith were both licensed real estate dealers in Elizabeth City, North Carolina.

in finding a prospective purchaser for this land.

Woodhouse contacted the plaintiff George F. Darden, Jr., a practicing attorney of Virginia Beach, who became interested in buying 1,300 acres of said tract and in obtaining an option to buy the remainder.

On or about October 14, 1961, Darden prepared two separate agreements which he wanted Hollowell and Coppersmith to sign. Thereafter he delivered the original and several copies of an agreement bearing the same date to Woodhouse, together with a check for $500.00, with instructions to take the same to Elizabeth City, North Carolina, and obtain the signatures of Hollowell and Coppersmith.

Woodhouse presented the Darden contract to Hollowell and Coppersmith in their attorney's office in Elizabeth City, North Carolina, on or about October 26, 1961. Their attorney advised them not to sign as the tendered contract extended well beyond the expiration date of the Jones option (November 23, 1961). Nevertheless Hollowell and Coppersmith signed the original of the Darden contract on October 26, 1961.

Woodhouse paid no part of the $500.00 deposit to Hollowell or Coppersmith.[2] He returned the original of said contract to Darden at Virginia Beach, endorsed "TERMS OF CONTRACT ACCEPTED," signed "C. B. Hollowell" and "Wiley B. Coppersmith, Jr.," undated.

Hollowell shortly thereafter contacted Houtz to see if he would help him obtain the balance of the money needed to exercise the Jones option. He showed Houtz his file which contained an unsigned copy of the Darden contract. He did not tell Houtz that he and Coppersmith had signed the Darden contract.

Houtz refused to assist in financing the transaction but indicated an interest in purchasing the property in his own right. He prepared an agreement on November 21, 1961, which he presented to Hollowell and Coppersmith in their attorney's office. Houtz and Hollowell signed this agreement; Coppersmith refused to sign.

The agreement provided that Houtz would provide the money necessary for the exercising of the [Jones] option and would take title in his, A. W. Houtz's, name. Upon taking title Houtz was to pay both Hollowell and Coppersmith $2,-000.00 in cash; or if they elected to wait until the option which they had given to Darden was exercised, Houtz would then pay them $2,500.00 each. The agreement further provided that should Coppersmith put up his one-half of the purchase price or $30,000.00, he, Coppersmith, shall own one-half of the land with Houtz.

Neither Hollowell nor Coppersmith was financially able to exercise the Jones option which expired November 23, 1961.

Thereafter, on November 24, 1961, Houtz obtained a warranty deed for the entire tract from the Joneses. Hollowell joined in the execution of this deed to evidence his assignment of the option to Houtz. Coppersmith did not join in the execution of the deed. The said deed was executed and delivered to Houtz on December 4, 1961 and subsequently recorded in both Camden and Currituck Counties, North Carolina.

The Darden and Houtz contracts were not recorded.

Houtz contacted Darden after he acquired the deed and offered him the same terms and conditions as Hollowell and Coppersmith had offered him, which was declined. Darden insisted Houtz should reduce the price if he was going to hold the land for six months for tax purposes, as he had indicated.

Darden on December 7, 1961, for the first time, disclosed to Houtz that he had a written agreement with Hollowell and Coppersmith which he had obtained prior to the termination of the Jones option and demanded that Houtz convey the land to him. Houtz became angry and left and no agreement was reached.

The next day Darden called Houtz and submitted a new and different

---

2. He says he kept the $500.00 in escrow until the deal was to be closed.

proposal in lieu of the contract which he claimed he entered into with Coppersmith and Hollowell. Houtz later notified Darden that all negotiations were off and that he no longer was interested in selling the land. Darden thereupon, in company with Woodhouse, his agent, attempted a tender to Houtz of the purchase price[3] of the 1,300 acres as called for in his offer to Hollowell and Coppersmith but Houtz refused to discuss the matter further.

> The burden of proof is on the one seeking specific performance. He must allege and prove that he has performed his part of the contract. Wilson v. Lineberger, 92 N.C. 547.

Darden's contract with Hollowell and Coppersmith provided for a $500.00 deposit payable on acceptance of the offer and $34,600.00 at closing. The District Court found that the $500.00 deposit was never paid and that there was not a sufficient offer of tender or payment of the purchase price to Houtz. The amount offered was $34,000.00—not $34,600.00 as called for in the contract.

■ The District Court further found that the plaintiff failed to show and establish any contract, memorandum or note signed by or on behalf of Houtz sufficient to repel his plea of the statute of frauds.[4]

Unless the District Court's findings of fact are clearly erroneous we must accept them. Federal Rules of Civil Procedure, Rule 52(a). We have no hesitancy here in so doing—the District Court's findings are amply supported by the record.

■ The plaintiff alleges in his complaint that the legal effect of the written agreement of November 21, 1961, coupled with the deed dated November 24, 1961, was to substitute the defendant A. W.

Houtz in the place and stead of C. B. Hollowell, subject to all of the obligations of C. B. Hollowell growing out of his said contract with the plaintiff; but irrespective of the legal effect of this contract, plaintiff claims that the defendant A. W. Houtz took title to said property charged with knowledge of the plaintiff's rights under his contract for the performance of which the property is impressed with a trust.

Darden's trust theory was thoroughly explored in the District Court. He there failed to establish actual or constructive fraud.[5] He did not further brief the question or stress the point in his argument before this Court—apparently this ground for relief was abandoned. Albeit, the District Court's conclusion that the plaintiff failed to prove a trust in his favor in respect to said land or any part thereof is clearly established by the record.

■ The plaintiff's principal contention in this Court that the language employed by Houtz in drafting the November 21st agreement, coupled with the Jones deed of November 24, 1961, was unquestionably intended to transfer to Houtz all rights which Houtz could assert against Darden (by virtue of the October 26th contract between Darden and Hollowell and Coppersmith) is without support both in fact and in law.

A perusal of the record discloses that Hollowell testified he "felt like it [the Darden offer of October 26th] was a dead issue"—that he has not seen any money and it was his option—that he "didn't have a copy of that paper we [Hollowell and Coppersmith] signed with Mr. Woodhouse"—that he never told Mr. Houtz he had a contract with Mr. Darden. All he told him was that he felt Mr. Darden was still interested in the land and that he felt like he might be able to nego-

---

3. The amount tendered was $34,000.00.

4. "N.C.Gen.Stat. 22–2; Contract for sale of land; All contracts to sell or convey any lands, * * * or any interest in or concerning them, * * * shall be void unless said contract, or some memorandum or note thereof, be put in writing

and signed by the party to be charged therewith, * * *."

5. The District Court in its memorandum opinion held that the defendant committed no fraud in his dealings with the plaintiff.

tiate with him for the sale of 1,300 acres of it.

Coppersmith never told Houtz they had a contract with Darden for the sale of any part of this land—Coppersmith did not assign his interest in the Jones option to Houtz; in fact, he refused to execute the Houtz agreement of November 21st.

Darden never told Houtz he had a contract with Hollowell and Coppersmith for the purchase of this land until December 7, 1961, some fourteen days after the land was titled in Houtz's name.

No one testified that the November 21st agreement was intended as an assignment of the Darden offer of October 26th to Houtz, except Darden.

Houtz never at any time asserted or claimed any rights under the Darden offer. All he ever did after obtaining title to the property was to talk with Darden for the purpose of determining whether he was still interested in purchasing the 1,300 acres on the same terms and conditions mentioned in his agreement with Hollowell and Coppersmith. Darden wanted a reduced price if Houtz was going to hold the land for six months for tax purposes. He confirmed this by letter dated December 8, 1961. No agreement was reached and Houtz later notified Darden that further negotiations were off—he was no longer interested in selling the land.

Darden's right, if any, to purchase all or any part of the Jones land via Hollowell's option vanished upon his failure to comply with the terms of his October 26th agreement with Hollowell and Coppersmith on or before November 23, 1961.

Assuming arguendo that Darden had complied with the terms of his agreement with Hollowell and Coppersmith, he cannot maintain his suit for specific performance against Houtz. The evidence does not support his theory of an assignment.

The judgment of the District Court is

Affirmed.