*96
 
 Ruffin, C. J.
 

 The proofs of the alleged contract between the father and his daughters are in some respects very unsatisfactory. But the Court does not go into them, because, if they fully sustained the answer, no case would be made out, on which the prayer of the bill could be denied. The parties to this suit are tenants in common, and either one of them has an absolute right to partition, either specifically, or by a sale and a division of the price. The plaintiffs might have proceeded at law and obtained a partition of the land, and no resistance could be made against it at law. It is true, the defendant Andrew, as the devisee of his father, might have filed his bill for the specific performance of the contract of sale, and, by showing a
 
 prima facie
 
 case for a decree for a conveyance, he would have entitled himself
 
 to
 
 an injunction against proceeding at law, until the cause could be heard in equity. But very clearly he could not have an injunction upon a bill framed upon the matter contained in.this answer, since the contracts set out are absolutely void and could not entitle the party to a decree for spe-fic performance on the hearing. They are void, by the statute of frauds, because they were not in writing, and that of Mrs. Donnell, because she was married at the time. The right of a tenant in common to partition of a legal estate is as absolute in this Court as it is at law; lor the jurisdiction as to actual partition is concurrent in the Courts of law and equity, and therefore both Courts must adjudicate on the same principle. The only necessity a tenant in common is under, for coming into the Court of Equity, Is that, which arises from the inconvenience of an actual .partition, and induces him to apply for a sale. But that does not change the principle applicable
 
 to
 
 this
 
 cane,
 
 and the plaintiffs are strietly entitled to partition in the one form or the other, when the legal tenancy in common is admitted, unless the other party, upon a proper bill, get a decree declaring them trustees for him and ordering a con >
 
 *97
 
 veyance. It does not suffice to state in the answer, as an obstacle to the partition, equitable grounds for such a decree ; for, peradve'nture, the party might never institute a suit, putting the matter directly in issue and entitling him to the decree for specific performance. Therefore the defendant, Andrew, in order to get the benefit of the case he alleges, should have filed his cross bill and obtained an order to bring both causes on to be heard together. Without that, the legal rights of the plaintiffs must prevail, so far as to require the decree for partition.. The partition will not, indeed, deprive the defendant of the right to specific performance, as the partition affects the legal title only, and the share assigned in severalty to the defendant’s vendors could still be reached by him. It is .admitted, however, that it is more convenient and less expensive to all parties, that partition should not be made before the equitable rights are settled ; and, if the defendant had a case with any color for a decree, the Court would await his filing across bill for a reasonable time. But, as has just been said, the defendant’s case, as stated by himself, is radically defective; since, as to one of the vendors, there was coverture at the time of the alleged contract, and, as to both, the contract was oral and the plaintiffs have taken advantage of that defect by bringing their present bill. The plaintiffs must, therefore, be declared to be entitled to partition, and, if the parties do not agree on the point, it must be referred to the Master to enquire, whether actual partition can or cannot be made without injury to the parties, or some of them, and, if it be found that it cannot, then to state to which of them and to what amount. The defendant, Andrew, must pay the costs up to the hearing.
 

 Per Curiam. . . Decree accordingly.