W. K. DAWKINS et als. v. MARY J. DAWKINS et als.

*Parties—Irregular Judgment—Notice—Judicial Sales.*

1. Where a tenant in common disposes of his interest in the common property, pending litigation in regard to it, his heirs are not necessary parties to such litigation.

2. Ordinarily, all parties to an action are presumed to have notice of all orders made therein, but this rule does not apply to an action pending before 1868, and which has never been transferred to the new docket.

3. Where, under an irregular judgment, land was sold and the money paid into office in 1874, and one of the tenants in common of the land left his portion of the proceeds in the office, it raises a presumption that he intends to waive his right to the money and claim his interest in the land.

4. A judgment which allows a surety on the bond of a purchaser of land at a judicial sale, who has paid the purchase money, to be subrogated to the rights of the purchaser, and have title made to himself, is irregular, unless it appears that there was notice given to the parties to be affected by it.

5. Where land is sold by a clerk and master in equity, it is not the practice to order title to be made to a surety who has paid the purchase money, unless it is shown that the principal is insolvent.

6. Where, under such circumstances, the Court below ordered the judgment to be set aside and title made to the heirs of the original purchaser, held to be error, unless such heirs shall pay into Court the amount paid by the sureties.

7. Although a judgment to sell land be irregular, yet it may be rendered valid by the parties interested receiving the fund raised by such judgment.

(*Egerton* v. *Alley*, 6 Ired. Eq., 188; *Green* v. *Crockett*, 2 Dev. & Bat., 390; *Addington* v. *Setzer*, 63 N. C., 389, cited and approved).

This was a MOTION in the cause to set aside a judgment for irregularity heard by *MacRae, Judge,* at February Special Term, 1885, of RICHMOND Superior Court.

W. K. Dawkins and wife Mary Ann Dawkins, W. A. Campbell and wife Anne Campbell, John R. Dawkins in his own behalf and as next friend of his infant daughter Corrinna Dawkins, and D. Stewart, moved on affidavits filed, and notice, to set aside a judgment or order made by the Superior Court of Richmond county in the above entitled action, at Fall Term, 1874, and for judgment directing and decreeing that title to the

lands bought by George Dawkins in this cause, be made to the heirs and assigns of the heirs of said George Dawkins according to their respective interests.

Notice of motion was served on A. C. and D. C. Patterson, John A. McDonald, A. B. McDonald, Catharine McLean, John McPherson, John M. McPherson and D. M. McPherson, who by their counsel appear and move to dismiss:

1. "Because the heirs of Randolph McDonald and Miles Blue are not made parties."

2. "Because the heirs of George Dawkins do not offer to pay into Court the money paid by Randolph McDonald and W. K. Dawkins."

3. "Because A. C. and D. C. Patterson acquired title by virtue of conveyance, made 30th of October, 1874, before the beginning of the term of Court, 2d of November, 1874, when the decree sought to be set aside was made."

The following were the facts found by his Honor:

1. The land was ordered to be sold at Fall Term 1862, by the court of equity.

2. That the land was sold and purchased by one George Dawkins, who gave bond for the purchase money, with Randolph McDonald and M. Brown as sureties.

3. That the sale was confirmed at ...... Term of the court of equity.

4. That the Clerk and Master was ordered at Spring Term, 1866, of said Court to collect the purchase money and make title to the purchaser on payment of the purchase money.

5. That the Clerk and Master brought suit on the bond for the purchase money in the Superior Court, and recovered judgment at Spring Term, 1874, and that the judgment was paid on the 30th of October, 1874. That all of said judgment was paid by Randolph McDonald except $193.10, which was paid by W. K. Dawkins.

6. That George Dawkins, the purchaser, died sometime before the ...... day of ..... A. D., 1866, and that on the last

named day the said W. K. Dawkins qualified as administrator on his estate.

7. That the said George Dawkins died intestate, without leaving any children or the representatives of children, and that W. K. Dawkins was one of his heirs-at-law and entitled to one-fourth of the land.

8. Sarah Dawkins was one of his heirs and entitled to one-fourth.

9. Mary Jane Dawkins, who intermarried with E. P. Williams, was one of his heirs and entitled to one-fourth.

10. Effy Jane Caddell, who intermarried with Sam. Covington, Margaret Caddell, now Margaret Fry, and Flora Bell Caddell, who intermarried with John R. Dawkins, was entitled to the other fourth; each one being entitled to one-twelfth of the whole. Sarah Dawkins is now dead, leaving as her only heir at law a daughter, Anne, who intermarried with W. A. Campbell. Flora Bell Dawkins is now dead, leaving as her only heir at law a daughter, Corrinna. Sam Covington and wife Effy Jane, E. P. Williams and wife Mary Jane, and Margaret Fry, have sold and conveyed their interests to D. Stewart.

11. W. A. Campbell and wife Anne have sold and conveyed an undivided three-fourths interest of their share to D. Stewart.

12. W. K. Dawkins gave a mortgage to A. C. and D. C. Patterson on his interest, on the 30th of October, 1874, to secure a debt of $367.15, and the mortgage has been foreclosed and A. C. and D. C. Patterson have whatever interest was conveyed by the mortgage. W. K. Dawkins was married to Mary Ann McDonald in the year 1857, and their youngest child is now about eleven years old. All of the land owned by W. K. Dawkins since 1867 is not worth more than $1,000. W. K. Dawkins and wife Mary Ann were in the actual possession of, and living on, this land from 1867 to 1877. W. K. Dawkins and wife Mary Ann have sold and conveyed to D. Stewart an undivided one-half of their interest in said land by deed, dated ...... day of ......., A. D. 1884.

13. At Fall Term, 1874, of the Superior Court of Richmond county, an order appears on the minutes of the Court as follows: "It appearing to the satisfaction of the Court, that Geo. Dawkins, the purchaser of the lands mentioned in the pleadings, failed to pay the purchase money, and is now dead, and that Randolph McDonald, his surety, has come forward and paid the purchase money into Court, under an execution against him, and asks the Court to substitute him in place of his principal: It is therefore ordered by the Court that D. Stewart, Clerk, be appointed commissioner to execute title for the lands mentioned in the pleadings to Randolph McDonald, his heirs and assigns in fee simple."

14. That none of the parties had legal notice of said order, and the cause was never legally transferred from the Equity to the Superior Court docket. That the order was never entered on the judgment docket. That the death of George Dawkins, who was a party to the suit as well as purchaser, was never suggested of record, and that neither his administrator nor heirs at law were made parties to the suit, and that no complaint or affidavit were filed, as a basis for said order.

15. That Randolph McDonald joined with Wm. W. Dawkins in the mortgage above mentioned, on the 30th of October, 1874, and that some time after the Fall Term, 1874, of the Superior Court of said county, Randolph McDonald sold and conveyed his interest in said land to W. K. Dawkins.

16. A. C. and D. C. Patterson took actual possession of said land on the 5th day of February, A. D. 1877, and have had possession since that time.

17. That Effy Jane Covington was married to Sam Covington about the year 1876.

18. W. K. Dawkins is administrator of Randolph McDonald, who is now dead.

19. That Miles Blue was one of the tenants in common in the suit for partition, and that he has never received his share of the purchase money.

20. That the Fall Term of the Superior Court in the year 1874, commenced on the 2nd of November, in said year.

21. That by virtue of legal proceedings, there was an actual ouster of Wm. K. Dawkins and wife, and A. C. and D. C. Patterson were thereby put in actual possession of said land.

22. That D. Stewart was Clerk of the Superior Court in 1874, and that said Stewart and W. K. Dawkins knew of the entry of the decree, now sought to be set aside, at the time it was made, and both knew that Randolph McDonald paid $367.00 of the purchase money as surety.

23. That A. C. and D. C. Patterson have been in the exclusive possession of said land for more than seven years prior to institution of this motion, claiming them as their own, under their title derived from the said deed of W. K. Dawkins and Randolph McDonald.

24. That there is a special proceeding pending in this Court between D. Stewart, plaintiff, and A. C. and D. C. Patterson, defendants, for partition of the lands in dispute.

Upon the foregoing facts, his Honor rendered the following judgment : " It is considered that the order made in this cause at Fall Term, 1874, is irregular, and the same is vacated and set aside.

"And it appearing that the purchase money of said land was paid, it is ordered that the Clerk of this Court make title to said lands to the heirs of the said George Dawkins and to the assignees of said heirs as hereinbefore set forth, according to their respective interests. Judgment for costs against the contesting respondents."

From which judgment the said A. C. and D. C. Patterson, and J. W. McDonald and other heirs of Randolph McDonald, who have served with notice, appealed to the Supreme Court, and filed the following exceptions :

"The contesting respondents, A. C. Patterson and D. C. Patterson, and John A. McDonald, A. B. McDonald, Catharine McLean, John McPherson, John M. McPherson and D. M. McPherson, except to the finding of facts by the Court :

"1. That the Court finds that W. K. Dawkins gave a mortgage to A. C. and D. C. Patterson on his interest, on the 30th of October, 1874, and that Randolph McDonald joined in said mortgage, when the uncontradicted evidence shows that W. K. Dawkins and Randolph McDonald conveyed the whole land in dispute to A. C. and D. C. Patterson on that day.

"2. To the finding that Randolph McDonald sold and conveyed his interest in said land to W. K. Dawkins, because it is not supported by the testimony.

"3. Because the Court fails to find that William, James, Martin and Lovedy McPherson, are infants and heirs of Randolph McDonald, and have not been served with notice of this proceeding.

"4. Because the Court fails to find that Randolph McDonald was forced to pay the purchase money of the land in dispute, as security for George Dawkins.

"5. Because the Court fails to find that A. C. and D. C. Patterson have been in the adverse possession of said lands, for more than seven years prior to the commencement of this action.

"6. Because the Court fails to find that the heirs of George Dawkins had notice of the motion to enter the decree of 1874.

"And excepts to the judgment of the Court and conclusions of law because the same are illegal and not warranted by the facts."

*Messrs. Burwell & Walker* and *Frank McNeill,* for the plaintiffs.

*Messrs. John D. Shaw* and *Haywood & Haywood,* for the defendants.

ASHE, J., (after stating the facts). This case is so incomplete in the statement of the facts, that we feel sensible of our inability to reach the justice of the case, trammeled as we are by the findings of facts and exceptions thereto. All we can do is to give a partial adjudication upon the case.

The first exception by defendants, that the Court found as a fact that the deed of John A. McDonald and W. K. Dawkins to A. C. and D. C. Patterson, conveyed only the interest of W. K. Dawkins in the land, is well taken, for the deed which accompanies the record as an exhibit, shows that the entire tract of land was conveyed. But that, in the view we take of the case, is immaterial.

The second exception to the finding, " that Randolph McDonald sold and conveyed his interest in the land to W. K. Dawkins, because it is not supported by the testimony "—cannot be sustained. It is supported by the testimony of A. C. Patterson, who swore that the clerk made a deed to McDonald and McDonald conveyed to Dawkins.

The third exception—" Because the Court failed to find that the infant heirs of Randolph McDonald have not been served with notice of this motion." This exception is without merit, because it was shown by the testimony of A. C. Patterson, that McDonald had disposed of his interest, and his heirs having no interest were not necessary parties.

The fourth exception to the finding, " that McDonald as surety was forced to pay the purchase money." We cannot see what difference it could make whether the payment was voluntary or involuntary.

The fifth exception : " Because his Honor failed to find that the Pattersons have been in the adverse possession of the lands for more than seven years prior to the commencement of this proceeding." This exception is without foundation, for the Court did find that A. C. and D. C. Patterson took actual possession of said land on the 5th day of February, A. D., 1877, and have had possession since that time.

The sixth exception : " Because the Court found that the heirs of George Dawkins had no notice of the motion to enter the decree of 1874." The exception cannot be sustained. Ordinarily when an action is pending, all the parties are presumed to have notice of all orders, &c., made in ·the cause, because in our practice, the·

cause, while in progress, is continued from time to time; but no such presumption can arise when there is an old action depending in Court before the year 1868, and which has never been transferred to the new docket, and the motion, as in this case, is made twelve years after the final judgment or decree.

The seventh exception was to the "judgment of the Court and conclusions of law, because illegal and not warranted by the facts."

Before we render an opinion upon this exception, it is proper that we should consider the grounds of a motion made by the defendant, *in limine,* to dismiss the motion of the plaintiff. The first ground assigned for the dismission of the motion, was because the heirs of Randolph McDonald and Miles Blue are not made parties. We have already disposed of this ground, so far as relates to the heirs of McDonald, and as to Blue we do not think it is essential that he should be made a party. His Honor has found that he has not received his share of the purchase money, from which it is to be inferred that he is one of the heirs of George Dawkins, and was a tenant in common with the other heirs. The fact that the money was paid into the office in 1874, and that he has not in all this time applied for his share of the money, is very strong evidence that he discards the order of the Court made in 1874, and is content to hold to his rights as a tenant in common of the land. If, then, that order should be set aside, it would not in any way affect his right—but rather subserve it.

The second ground, that the heirs of George Dawkins do not offer to pay into Court the money paid by Randolph McDonald and W. K. Dawkins, will be considered in connection with the judgment rendered by his Honor in the Court below.

The third ground, because A. C. and D. C. Patterson acquired title by virtue of a conveyance made the 30th of October, 1874, before the beginning of the term of Court, 2nd November, 1874, when the decree sought to be set aside was made. We do not think this a ground for dismissing the motion, for whatever in-

terest he may have acquired by the said conveyance we are not called upon now to decide, as it will be a matter for future adjudication, in the event of the order of 1874 being set aside. But we do feel at liberty to say, that he has not, from what appears in the case, an absolute title to the whole land.

We now come to the consideration of the judgment rendered by his Honor in the Court below. We refrain at this time, under the circumstances of this case, from holding that his Honor committed no error in deciding that the order of Fall Term, 1874, was irregular, for it is obnoxious to objection: 1st, because it is a judicial procedure that is without authority or precedent to support it; 2nd, because there was no notice given to the parties to be affected by it; 3rd, because there was no affidavit or foundation laid for the motion showing that the principal, George Dawkins, or his estate was insolvent.

For it is never the practice of the Court where land is sold by a clerk and master in equity, to order the title to be made to the surety, upon the payment by him of the purchase money, unless it is shown that the principal is insolvent. *Egerton* v. *Alley*, 6 Ired. Eq., 188; *Green* v. *Crockett*, 2 Dev. & Bat. Eq., 390.

But we do hold, "that he erred in ordering the Clerk to make title to the lands to the heirs of George Dawkins, and to the assignees of said heirs as hereinbefore set forth, according to their respective rights," and here the second ground assigned by the defendant for dismissing the plaintiff's motion, to-wit, because the heirs of George Dawkins do not offer to pay into Court the money paid to Randolph McDonald and W. K. Dawkins, appositely applies to the latter part of his Honor's judgment.

For it is a well established principle, both of law and equity, that no one can have a contract enforced in his favor, unless he has performed, or is ready to perform, his own part. Adams' Equity, p. 88; *Addington* v. *Setzer*, 63 N. C., 389.

But we do not now decide that the order of 1874 shall be vacated, for however irregular it may be, it may yet be sustained as a valid order, if the heirs of George Dawkins have given their

sanction to it by receiving their shares of the purchase money paid into the office by Randolph McDonald. If they have received their shares of the purchase money, it would be a gross injustice to the heirs or assignees of McDonald, to set aside the order of 1874 and have title made to them, without a full indemnity to McDonald or his assignees. But if they had offered, or were still to offer the indemnity, we think their acquiescence in the irregular order would debar them from setting up any title to the land.

The facts of the case are imperfectly stated, and this is a matter so seriously affecting the rights of the parties, that we think the justice of the case and the rights involved, demand that the case should be remanded.

The case is therefore remanded, that a reference may be had to ascertain whether any of the heirs of George Dawkins have received their shares of the purchase money paid into the office by Randolph McDonald, and if so, who they are and what amounts they have recovered—whether in full or in part of their shares, and if in part, what part; and to the end that the parties may make application to the Court for leave to amend their pleadings, make parties, appoint guardians for infants, and file additional exceptions, and do any other matter or thing that may be deemed necessary to relieve the case of its present defects and imperfections.

Error.                                    Remanded.