R. and T. L. KNIGHT v. E. B. HOUGHTALLING, et als.

## Writ of Assistance.

1. A writ of Assistance is in the nature of an equitable *habere facias possessionem*, and only issues out of Courts of equity, when land has been sold under a decree, and the *terre-tenant* refuses to give possession to the purchaser.

2. The writ is never granted except when the case is clear, and notice has been given to the person in possession of the land.

8. All that is required to obtain the writ, as against the parties and those claiming under them by conveyance made *pendente lite*, is to show a presentation of the deed, and a demand for the possession, and a refusal. The demand for possession is in all cases necessary, but the presentation of the deed may be waived by the conduct of the person in possession.

Petition filed in the SUPREME COURT in the above entitled action, by R. W. Winston and T. L. Hargrove, the purchasers at the sale made under the decree of this Court in said action, heard at February Term, 1886, of the Supreme Court.

This was a petition for a WRIT OF ASSISTANCE, filed in the case of *Knight* v. *Houghtalling,* which was decided by the Court at the October Term, 1884, and reported in 85 N. C., 17.   It was a civil action to foreclose a mortgage.   There was a judgment in the case, at October Term, 1884, against the defendants, one of whom was William H. Wood, the defendant in this petition, directing the land conveyed in the mortgage to be sold for the payment of the judgment.   The Clerk of this Court was appointed commissioner to effect the sale.   He made the sale on the 14th day of September, 1885, when Robert W. Winston and Tazewell L. Hargrove, the petitioners, became the purchasers, and the said commissioner made his report of the sale, and the compliance of the purchasers with the terms of sale, to the October Term, 1885, of this Court, when the said report was confirmed by the Court, and title ordered to be made by the commissioner to the purchasers.   In pursuance of said order, a deed for the land was duly executed by the commissioner to the said· Winston and Hargrove, which was soon thereafter registered in the Register's office for the county of Granville.

The petitioners allege in their petition, that they had applied to William H. Wood, who was in the actual possession of said land, and had been since before the judgment in the action of *Knight* v. *Houghtalling,* to surrender to them the possession of the same, which he positively refused to do, as is shown by the affidavit of Robert Winston, which accompanies the petition. The affidavit states that he met Wood on the 18th of January,

1886, and told him that he and Tazewell Hargrove had purchased the land, and had a deed for the same, which was registered, and they wanted possession. Wood replied in an angry tone, "Well, sir, I am going to hold to that land, and your trouble has just begun, and don't you forget it."

The petitioners also supported their petition by the affidavit of J. N. Lyon, a deputy sheriff, who served a written notice of the purchase and deed, and a demand by the petitioners, on the said Wood, for the possession of the land on the ... day of January, 1886, when the said Wood said, "They may think they have stolen the land, but they are badly mistaken, and it will be late when they get it." Upon this state of facts, the petitioners prayed that this Court would grant them a writ of assistance.

Mr. E. C. Smith, for the petitioners.
Mr. D. G. Fowle, for the respondents.

Ashe, J. (after stating the facts). We are of opinion, upon the facts of the case as stated in the petition and accompanying affidavits, that the petitioners are entitled to the writ.

The writ of assistance is a novel process in this State. We believe it is the first time an application has been made to any Court in this State for such a writ. But it has been frequently used in several of the States.

It may be termed an equitable *habere facias possessionem*, for it is only issued from courts of chancery, and only in these cases when the courts have by their decree, caused lands to be sold, in which case they will complete the sale, by putting the purchaser in possession, when it is withheld by the defendant, or any one who has come into possession *pendente lite*. It is never issued except when the case is clear, and upon notice to the person in possession,—and it "is held to be the appropriate remedy to place the purchaser of mortgaged premises, under a decree of foreclosure, in possession, after he has obtained the Sheriff's deed." Herman on Executions, §353, and cases referred to on

margin. It is said by the same authority in §354, that " all that is requisite to obtain a writ of assistance, as against the parties, and those claiming under them after the commencement of the action, is to furnish to the Court proper evidence of a presentation of the deed to them, and a demand of the possession, and their refusal to surrender it." A demand of possession it would seem, is always necessary, but the presentation of the deed to the party in possession may be dispensed with, when it is waived by the conduct of the parties, as in this case, when the party in possession was informed of the sale, the purchase, and the deed as registered, and he makes no question as to these facts, but positively refuses to surrender the possession, and sets at defiance the demand of the purchasers.

We are of opinion the petitioners are entitled to the writ, *and it is so ordered.*

Writ allowed.