H. H. COOR et al. v. AMOS SMITH.

*Writ of Assistance—Motions—Orders—Notice—Possession.*

1. A writ of Assistance is never issued except upon notice to the person in possession, and upon proof of demand and refusal of possession.
2. Presentation of a deed is usually necessary, but is dispensed with when the person in possession is aware of it already.
3. When, in a motion to set aside a writ of Assistance for want of notice, it appears that the writ was granted in open Court without objection from the counsel for the defendant in possession, who was present at the time: *Held*, that the motion should not be granted.
4. All parties are presumed to have notice of all motions and orders made while the action is pending.

This was a motion of the defendant, founded on his affidavit, to set aside and annul an order for a writ of Assistance, made and rendered in this action at January Term, 1890, of WAYNE Superior Court, on motion of plaintiffs, the object of defendant's motion being the restitution of the land of which he had been deprived under said writ. The motion was heard before *MacRae, J.,* at March Term, 1890, of same Court.

Upon the hearing, the Court found the facts and made an order refusing defendant's motion to annul and restore possession.

To the order of refusal the defendant excepted, and alleged for error that it appeared from the facts found that the defendant had no actual notice of a motion for the writ of Assistance; that, although it appeared from the said facts that the defendant was represented by counsel in the action for foreclosure, in which said writ of Assistance was moved for, who was present in Court at the time of the said motion and made no objection to the granting of the same, this was not sufficient notice.

COOR *v.* SMITH.

Defendant appealed from said order to the Supreme Court.

*Mr. C. B. Aycock*, for plaintiff.
No counsel for defendant.

CLARK, J.: In *Knight* v. *Houghtalling*, 94 N. C., 408, it is held that a writ of Assistance is never issued except "upon notice to the person in possession," and upon proof of a demand and refusal of possession, and that a presentation of the deed to the party is usually necessary, but is dispensed with when he is aware of it already.

It is found as a fact in the present case that there was a demand under the deed and a refusal of possession, also, that, though there was no notice of the motion served, the motion was made at the same term of the Court at which final judgment was rendered in the foreclosure proceedings by confirming the sale and directing the deed to be executed to plaintiff, and the counsel who had represented the defendant throughout those proceedings were present in Court when the motion and order for a writ of assistance were made, and raised no objection to the same. Though a final judgment does not terminate all connection of counsel with the case, notice of any motion made subsequent to that term of Court must be served on them. *Allison* v. *Whittier*, 101 N. C., 490; *Branch* v. *Walker*, 92 N. C., 87; *Rogers* v. *McKenzie*, 81 N. C., 164. But while the action is pending no actual notice is required, as all parties are presumed to have notice of all motions, orders and decrees made in the cause. *Dawkins* v. *Dawkins*, 93 N. C., 283; *Williams* v. *Whiting*, 94 N. C., 481; *University* v. *Lassiter*, 83 N. C., 38; *Hemphill* v. *Moore*, 104 N. C., 379. The motion here was made at the same term at which final judgment was rendered. During that term such judgment was still *in fieri*, and motions affecting the rights of the parties, such as motions for new trial, or to set aside the verdict or the judg-

ment, and many others, are constantly made without serving notice, and we see no reason why the same rule should not apply in this case. It is only when a motion is made subsequent to the term at which a final judgment is rendered that notice is exacted. The order having been made at the term when final judgment was rendered, the defendant had legal notice of what transpired.

*Per Curiam.*                                      No error.