JOSIAH EXUM, Assignee of DAIL BROS., v. BRYANT BAKER.

*Practice — Writ of Assistance, when Granted — Parties and Privies — Title Cannot be Tried on Application for the Writ — Lien of Taxes Superior to Mortgage.*

1. The writ of assistance can be issued only against parties or persons in privity with parties who have been concluded by a decree, and yet refuse, after notice, to let purchaser at a judical sale under such decree into possession.

2. A question of title will not be tried on an application for the writ of assistance as against persons in possession claiming adversely and not bound by the decree.

3. The lien of the tax on land is generally superior to the rights of mortgagor or mortgagee, and it is the duty of the mortgagee and of his assignee to see to the discharge of the tax liens as they fall due.

PROCEEDING heard before *Brown, J.,* at February Term, 1894, of GREENE Superior Court.

This is an application by the plaintiff for a writ of assistance. The plaintiff was the purchaser of certain lands described in the complaint (filed in the original action for foreclosure, etc.).

The defendant appealed from the judgment below.

*Mr. George M. Lindsay,* for plaintiff.

*Messrs. J. B. Batchelor* and *Swift Galloway,* for defendant (appellant).

AVERY, J.: It is found as a fact by the Court below, upon petition for a writ of assistance and the answer thereto with exhibits, that the defendant Jasper Baker bought the tract of land in controversy on the 5th of December, 1894, when sold for taxes due for the year 1886 by Sugg, tax collector, acting under the law of 1891, ch. 391, and that on failure of the owner to redeem, he took title for said land from said tax collector on December 6, 1893, "entered and acquired possession under the same, and has lived thereon ever since." The question of the surrender of possession by the defendant Bryant Baker, or his eviction, is no longer an open one. It appears as a fact that there was a change of possession from Bryant to Jasper Baker. How it was effected we do not know, and therefore the fact that Bryant Baker has continued to live with the new occupant is not material, nor is it material what relation the two sustain to each other.

The controversy hinges upon the question whether the defendant Jasper is in privity with the original mortgagees of Bryant Baker, Dail Bros., or the assignee, the plaintiff Exum, or holds adversely to Exum.

The lien of the tax on the land, if it be a lien at all, as against a person without notice, is generally superior to the right of either mortgagor or mortgagee. *Wooten* v. *Sugg*, 114 N. C., 295. Hence it is ordinarily the duty of the mortgagee, certainly on the failure of the mortgagor to discharge such lien, to avail himself of the privilege given him by statute (*The Code*, § 3700), and save his security. If the assignee of mortgagees negligently suffered another to acquire a superior right by purchasing at a tax sale, he cannot complain of consequences which naturally followed. If the lien for tax was superior, Jasper Baker acquired, on the expiration of the time allowed for redemption and the execution of a deed by the tax collector, a better title legal and equitable than that of mortgagor or mortgagee. But whether Jasper Baker, under the circumstances, acquired a better or a worse title, he, at all

events, obtained possession, and is not in privity with mortgagor, mortgagee or the assignee of the latter, since he was not a party to the original foreclosure proceeding, nor does he claim through or under any such party.

A writ of assistance is only granted (as was said in effect by the Court in *Knight* v. *Houghtalling*, 94 N. C., 408), when land has been sold under a decree and the *terre* tenant, or some one holding in privity with him, refuses to surrender possession. Jasper Baker, being a stranger to the original foreclosure proceeding, at least claims, if he does not hold by another and an adverse right. It does not appear that he acquired the possession from Bryant in such manner as to subject him to the estoppel of the decree. If, therefore, it be conceded that the tax assessed in 1886, after the execution of the mortgage deed in 1875, and before the assignment to the plaintiff Exum as trustee for them and their creditors in 1888, was not, without direct notice to said trustee, a superior lien under the Act of 1891, ch. 391, to that of the mortgage or decree of foreclosure, the plaintiff would still have failed to establish clearly his right to a writ of assistance against a person who has acquired the possession and was not a party or in privity with any party to the suit for foreclosure. *Knight* v. *Houghtalling, supra; Coor* v. *Smith*, 107 N. C., 430.

It seems to be established by the weight of authority in the Courts of this country, first, that the writ of assistance can be issued only against parties or persons in privity with parties who have been concluded by a decree, and yet refused, after notice, to let purchasers at a judicial sale under such decree into possession. *Terrell* v. *Allison*, 21 Wall., 291; *Howard* v. *Bond*, 42 Mich., 131; *Howard* v. *Railway*, 101 U. S., 849; and second, that a question of title will not be tried on an application for that writ (*Boston v. Beatty*, 28 N. J. Eq., 412) as against persons in possession, claiming adversely and not bound by the decree of sale. 21 Am. Dec., 152, note.

It is perhaps sufficient to determine that the writ of assist-

Exum *v.* Baker.

ance was erroneously issued in this case against a stranger to the judgment heretofore rendered in the cause in which it is issued. But looking solely to the construction of the Act of 1891, under which the sale for tax was made, and its effect upon the right of the parties, we must note a marked discrepancy in the facts in this case and in that of *Moore* v. *Sugg*, 114 N. C., 292. The mortgage was executed by Bryant Baker in 1875, and the tax which became due in 1886 constituted a lien superior to that of the mortgage. *Wooten* v. *Sugg, supra.* The assignee who took for the benefit of the assignors and creditors was in no better condition than Dail Bros., who were affected with notice of the tax falling due while the lien of the mortgage subsisted. If the plaintiff had notice, he did not rid himself of the effect of such notice or the duty of removing the encumbrance by obtaining a decree of foreclosure. The mortgagee was required to see to the discharge of the tax liens as they fell due, if the mortgagor should make default in the payment, or submit to the consequences of his neglect to do so. He is presumed to have known that the tax for 1886 was not paid when he conveyed to the plaintiff as trustee in 1888, and that it constituted a lien which it was competent for the Legislature to revive after it should become dormant. The plaintiff, as trustee, was affected with the same notice, because it was his duty also to see, as it had been that of his assignor, that taxes due on the land were discharged, and he might, by reasonable inquiry, have ascertained that the mortgagor had failed to pay them. He not only failed, we must suppose, to make inquiry before, but after the sale for taxes, and before the time for redemption had expired. As the controversy as to title is still to be settled, we deem it best for the parties that we should not only declare that it was error to grant the writ as prayed, but that we should pass upon the question which may still arise in another action.

The prayer for the writ of assistance should have been denied.                                        Error.