ELWOOD H. LEE v. F. J. THORNTON ET ALS. (Consolidated cases.)

(Filed 16 October, 1918.)

1. **Actions—Possession—Courts—Jurisdiction.**

   The writ of possession is not limited to actions of foreclosure of mortgages, but extends to all actions brought for the purpose of determining the rights of.the litigants to the title or possession of real estate after judgment declaring such rights.

2. **Same—Writs—Assistance—Mortgages—Sales.**

   One either in possession or out of possession of lands may maintain a suit to set aside a deed thereto for fraud and undue influence, and in the same action recover possession of the lands and the rents and profits, and upon decree rendered in his favor may apply to the court, by supplemental petition, for such writ as will render the decree effective, usually a writ of assistance, and it is unnecessary to bring a second action therefor.

3. **Actions—Consolidation—Deeds and Conveyances—Fraud—Writs—Assistance—Courts—Jurisdiction—Equity.**

   Where a suit to set aside a deed for fraud and an accounting for rents, etc., and subsequently an action to obtain possession have been instituted, it is proper for the court to consolidate them, the rights of the parties being determinable in the first action under our system of administering equity and law in the same court.

4. **References—Compulsory—Consent—Pleas in Bar—Accounting—Statutes.**

   A compulsory reference may not be ordered by the court except in the instances enumerated in Revisal, sec. 519, and in no event when there is a plea in bar undetermined; and where a suit to set aside a deed to lands for fraud with accounting for the rental of a small tract of land for a few years, and an action for possession, and a petition for dower, have been consolidated, an allegation of the wife's adultery interposed is one in bar of the wife's right, Revisal, sec. 3083; and whether the compulsory order of reference be treated as one of consolidation and reference of the consolidated action, or a reference of each action and proceeding under one form it is improvidently entered, and will be set aside. The difference between a compulsory and a consent reference distinguished by ALLEN, J.

APPEAL by plaintiff Elwood H. Lee from *Ferguson, J.,* at the April Term, 1918, of WAKE.

This is an appeal from an order made in two actions and in a special proceeding pending in the Superior Court of Wake County.

The first action was commenced on 16 January, 1914, by Elwood H. Lee, as heir of James Lee, for the purpose of setting aside certain deeds executed by said James Lee to the defendants on the ground that James Lee did not have sufficient mind to execute a deed, and that the deeds were procured by fraud and undue influence.

The second action was commenced on 23 April, 1915, by the said Elwood Lee against the defendants Mason and wife for the purpose of recovering possession of the land described in the complaint in the first action, the said defendants having entered into possession of said land since the institution of the first action.

The first action was tried at January Term, 1917, of the Superior Court, and a jury having found all the issues in favor of the plaintiff a judgment was entered thereon declaring the deeds void and setting them aside because they were procured by fraud and undue influence.

On 5 December, 1917, the widow of James Lee filed her petition against the said Elwood H. Lee, asking that dower be allotted to her in said land, and the said defendant filed an answer to said petition setting up as a defense that the said widow had committed adultery in the lifetime of the said James Lee and was not living with him at his death.

At the April Term, 1918, of said court an order was entered over the objection of the said Elwood Lee entitled as of each of the three proceedings hereinbefore referred to, and referring all matters in controversy in all of said proceedings to one referee to be heard at the same time. The said Elwood Lee excepted to said order and appealed.

*S. W. Eason and Peele & Maynard for appellant.*
*Douglass & Douglass for appellee.*

ALLEN, J. One who is not in possession of land may bring an action to set aside a deed for fraud and undue influence and in the same action recover possession of the land and the rents and profits, as was done in *Reed v. Exum,* 84 N. C., 430, or, whether in possession or not, he may prosecute his action to set aside the deed and, upon a decree being rendered in his favor, apply to the court by supplemental petition for such writ as will render the decree effective, usually a writ of assistance, which was the course pursued in *Root v. Woolworth,* 150 U. S., 401.

"The power to issue the writ results from the principle that the jurisdiction of the court to enforce its decree is coextensive with its jurisdiction to determine the rights of the parties, and the court will carry its decrees into full execution, where it can do so justly, without relying on the cooperation of any other tribunal. This is a rule of such practical utility in promoting the ends of justice, preventing unnecessary suits, saving expense, and avoiding delay, as commends itself strongly to the approbation of the courts of equity." 2 R. C. L., 728.

14—176

"It has been said that the most familiar instance of its use is where land has been sold under a decree foreclosing a mortgage. *Harding v. Harker,* 17 Idaho, 341; *Jones v. Hooper,* 50 Miss., 513. The writ is not limited, however, to cases of the foreclosure of mortgages, but extends to all actions brought for the purpose of determining the rights of the litigants to the title or possession of real estate after judgment declaring such rights. *Schenk v. Conover,* 13 N. J. Eq., 223; 78 Am. Dec., 95; *Knight v. Houghtalling,* 94 N. C., 408; *Stanley v. Sullivan,* 71 Wis., 585. See, also, *Yates v. Hambly,* 2 Atk. (Eng.), 362; *Adamson v. Adamson,* 12 Ont. Pr., 21." Ann. Cases, 1913 D, 1121.

The same principle is declared in *Clarke v. Aldridge,* 162 N. C., 328, and we have found nothing to the contrary except *Clay v. Hammond,* 199 Ill., 370, which limits the exercise of the jurisdiction to those decrees which pass the title, and of this last case the learned annotator says, in 93 A. S. R., 156, after expressing his disapproval of the doctrine announced, "We see no occasion to recede from our views heretofore expressed in section 37d of Freeman on Executions, in speaking of writs of assistance, as follows: 'As to the decrees or orders which may justify the issuing of this writ, it may be stated broadly that whenever there has been an adjudication in equity from which it appears that a party is entitled to be in possession of property, the court will not require him to bring some further or independent suit or action, but will grant him this writ, entitling him to be placed in possession of the property. This is but an application of the general principle that when a court of chancery obtains jurisdiction of the subject-matter of a suit it will retain it to the end that justice may be done between the parties.' "

It follows, therefore, the second action was unnecessary as the plaintiff could have been put in possession in the first, and, under our system, which administers law and equity in one action, he could also have had the amount of the rents and profits ascertained; but as no objection has been made on this ground, and the right to possession has been denied, these two actions ought to be consolidated and heard together, to the end that a writ issue putting the plaintiff in possession of the land and turning the defendants out, and that the rents and profits be determined, which are the only questions unsettled in those actions.

In the proceeding for the allotment of dower the defendant sets up as a defense that the petitioner committed adultery in the lifetime of her husband and was not living with him at his death, which, under Revisal, sec. 3083, may be pleaded in bar of any proceeding for dower.

It appears, therefore, that whether the order is treated as one of consolidation and a reference of the consolidated action, or as a reference of each action and proceeding under one form, in either event a compulsory reference has been ordered, when the only question open in the

two actions is the amount of the rents, and when in the dower proceeding there is a plea in bar undetermined.

Did the court have the power to order a reference under these conditions? We think not. The right to refer by consent is without limit, subject to the exceptions mentioned, which are not material here, the statute providing that "All, or any of the issues in the action, whether of fact or of law, may be referred, upon the written consent of the parties, except in actions to annul a marriage or for divorce and separation." Revisal, sec. 518. But the court cannot order a compulsory reference except in the cases enumerated in Revisal, sec. 519, nor can such an order be made when there is a plea in bar undetermined.

This distinction exists because in the compulsory reference the parties reserve their right to a jury trial upon the coming in of the report of the referee, and as the parties will be subjected to the expense and delay of two trials, it ought not to be resorted to for the trial of the issues raised by the pleadings, except when a long account, complicated boundary, or some other intricate questions arise which cannot be intelligently investigated before a jury (*Hall v. Craige*, 65 N. C., 53; *Peyton v. Shoe Co.*, 167 N. C., 282), nor when a plea in bar has not first been tried (*Oldham v. Reiger*, 145 N. C., 255), and in the actions before us there is one single simple question of the rental value of a small body of land for two or three years, and in the dower proceeding there is a plea in bar.

The order was improvidently entered and will be set aside.

Reversed.