In 1899, M. L. Summer, seized of a tract of land, died intestate, leaving surviving him the defendant L. A. Summer as his widow and the defendant Bettie Leverette and seven other children as his heirs at law. After the intestate's death, the plaintiff acquired the title of all the heirs, except Bettie Leverette, and brought a proceeding before the clerk of the Superior Court for partition, alleging that she and the plaintiff were tenants in common, subject to the widow's right of dower. Only the widow filed an answer. The clerk transferred the case to the civil docket for the trial of issues alleged to have been raised by the pleadings; but upon appeal Judge Bryson reversed the order of the clerk and remanded the cause for further proceedings. In their brief the appellant's counsel practically admit that the judge's order was free from error. When the case was remanded, the clerk decreed the partition of the land and the assignment of dower. The commissioners assigned dower to the widow, and allotted to the plaintiff and to Bettie Leverette their respective portions of the land described in the petition. The report of the commissioners was approved and confirmed. The report was confirmed on 17 May, 1923, and in June the plaintiff applied to the *Page 745 
clerk for a writ of assistance, based upon an affidavit. An alias notice to the appellants to show cause why the writ should not be granted was duly issued, and on 16 August returned served. The appellant entered a special appearance, and moved to dismiss the motion, and, after noting an exception, filed a written answer to the notice. The clerk held that the writ should issue, and his judgment was affirmed on appeal to Judge Ray. The widow excepted, and appealed to this Court.
The appellant admits that the partition of the land and the allotment of dower were not "resisted strenuously," but she says the writ of assistance is resisted on the ground that the appellant is in possession of all the land described in the petition, under a lease from one of the tenants in common. In her answer to the original petition the appellant alleged that she held a lease, dated 2 August, 1921, from one of the tenants in common for the land described in the petition, and that it would not expire until 2 August, 1926. If the lease was pleaded in bar of partition it seems not to have been relied on, for it was not referred to again until after the plaintiff had applied for the writ of assistance. Without regard to the alleged right one of several tenants in common to execute a lease upon the common property, we are confronted with uncertainty and indefiniteness as the execution of the lease, as to its contents, as to the name of lessor, and as to the question whether it was executed before or after the plaintiff acquired its title. If the lease was executed by Bettie Leverette, as stated in one of the briefs, would its operation not be confined in any event to her interest? And as her interest has been allotted by metes and bounds, in what way could her lease to the appellant be effective against the land allotted to the plaintiff? Besides, on an application for a writ of assistance, the title cannot be adjudicated or the original case reviewed, or the decree modified. Investment Co. v. Tel.Co., 156 N.C. 259; Exum v. Baker, 115 N.C. 242; Roberts v. Dale,171 N.C. 466; 27 Cyc., 1142 (3); 310 Cyc., 211; 7 R. C. L., 885 (80); 5 C. J., 1322 (13) and 1325 (22).
But the appellant presents a more serious question. She contends that a writ of assistance may be issued only by a court of chancery, and that the clerk who signed the decree had no equitable jurisdiction.
This writ is of remote origin, dating as far back as the reign of Henry VIII. It has been defined as a form of process issued by a court of equity to transfer the possession of lands, the title or right of possession to which it has previously adjudicated, as a means of enforcing its decree. See authorities cited in Ann. Cas., 1913 D, 1120, note. In Beach's Modern Equity Practice, Vol. 2, sec. 897, it is said: "Courts of equity have from the earliest times exercised the right to issue a writ of assistance in actions in equity brought for the purpose of determining the rights of the litigants to the title or possession of real estate *Page 746 
after judgment declaring such rights, as well as in cases for the foreclosure or redemption of mortgages. In such cases the courts having jurisdiction of the persons and property in controversy have, after determining the rights of the parties litigant to the title or possession of real estate, rightfully assumed the power to enforce their judgments by the writ of assistance to transfer the possession instead of turning the party over to a court of law to recover such possession."
Mr. Justice Ashe remarked that the writ may be termed an equitablehabere facias possessionem, for it is issued only from courts of chancery (Knight v. Houghtalling, 94 N.C. 408); and all the subsequent decisions have treated the writ as issuable only from a court of equity. Coor v.Smith, 107 N.C. 430; Exum v. Baker, 15 N.C. 242; Wagon Co. v. Byrd,119 N.C. 460; Clarke v. Aldridge, 162 N.C. 326; Lee v. Thornton,176 N.C. 208.
As the writ can issue only from a court of chancery, the next question is whether the clerk in the proceeding before him had equity jurisdiction.
At common law, coparceners were entitled to partition; upon tenants in common the right was conferred by statute. 2 Bl., 189, 194; Holmes v.Holmes, 55 N.C. 334. But the English courts of chancery also entertained suits for partition, and in this country the several State courts possessing general equity powers are regarded as having jurisdiction, unless their authority has been abrogated or restricted by statute. 30 Cyc., 170. Prior to 1868, both our courts of equity and our courts of law entertained such suits. Chief Justice Ruffin said: "The right of a tenant in common to partition of a legal estate is as absolute in this Court as it is at law; for the jurisdiction as to actual partition is concurrent in the courts of law and equity, and therefore both courts must adjudicate on the same principle. The only necessity a tenant in common is under for coming into the court of equity is that which arises from the inconvenience of an actual partition and induces him to apply for a sale." Donnell v. Mateer,42 N.C. 94. See, also, Weeks v. Weeks, 40 N.C. 111, 119. But, since 1868, partition has been regulated by statute. Haddock v. Stocks,167 N.C. 70; C. S., 3213, et seq. The proceeding is now brought before the clerk, but the clerk has not been given the powers of a court of chancery. "He has no equity jurisdiction, and, besides, the statute giving jurisdiction to courts of equity over sales for partition has been repealed by sections 1903 and 1904 of The Code (C. S., 3233, 3241), which confers that jurisdiction upon the Superior Courts, to be exercised by the clerk, who is not vested with any equity powers, except where specially conferred by statute." Ashe, J., in Bragg v. Lyon, 93 N.C. 151, which is approved in Vance v. Vance, 118 N.C. 865, and in McCauley v. McCauley, 122 N.C. 289. *Page 747 
From this position the Court has never receded. In a few decisions may be found isolated dicta suggesting that the clerk and justices of the peace may affirmatively exercise the functions of a court of equity, but the suggestion runs counter to several decisions and is not in accord with the doctrine long since declared by the Court and thence consistently maintained. The provision of the Constitution of 1868 prescribing the jurisdiction of a clerk of the Superior Court was purposely omitted by the Convention of 1875, and the clerk's duties now are chiefly such as are imposed by statute. Brittain v. Mull, 91 N.C. 499.
The appellant contends, however, that by virtue of C. S., 637, the order of the judge should be sustained, even if the clerk had no jurisdiction to issue the writ. The section is as follows: "Whenever a civil action or special proceeding begun before the clerk of a superior court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction, and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back, to be proceeded in before the clerk, in which case he may do so."
There are at least two reasons why, in our opinion, the appellant's position is unsound. The decisions construing this section show that in every "civil action or special proceeding sent" from the clerk to the judge, there was some element which apparently brought the case within the jurisdiction of the clerk. It is true that in Anderson's case, 132 N.C. 244,Montgomery, J., remarked that the judge was clothed with power to determine the controversy, although the proceeding before the clerk was a nullity for the reason therein pointed out; but a careful perusal of the record discloses the fact that the clerk had jurisdiction of the proceeding before him, and the Court simply held that the judge, on appeal, could retain jurisdiction, although the clerk, mistaking his powers, had rendered a judgment which was void. And in Stone's case, 176 N.C. 337, the action was still pending in the Superior Court, and the motion before the clerk was treated as a motion in the original cause. Foreman v. Hough,98 N.C. 386; Ledbetter v. Pinner, 120 N.C. 456; Faison v. Williams,121 N.C. 152; Roseman v. Roseman, 127 N.C. 494; Coletrain v. Laughlin,157 N.C. 282; Luther v. Luther, ibid., 500; Williams v. Dunn, 158 N.C. 399;Baggett v. Jackson, 160 N.C. 26; Mills v. McDaniel, 161 N.C. 113;Thompson v. Rospigliosi, 162 N.C. 146; Ryder v. Oates, 173 N.C. 569; Inre Brown, 185 N.C. 399; Hall v. Artis, 186 N.C. 105; In re Ware, ante, 693.
There is another objection to the appellant's position. It may be contended that the jurisdiction of the judge can be maintained on one of two grounds — (1) because the clerk had jurisdiction and the *Page 748 
jurisdiction of the judge was derivative, or (2) because the judge would have had jurisdiction if the application for the writ had been originally lodged, not before the clerk, but in the Superior Court. From what has been said, it is apparent, we think, that the clerk, not exercising equity jurisdiction, had no authority to issue the writ, and the judge had no derivative jurisdiction. It is equally clear that the judge was without original jurisdiction, because a writ of assistance must issue from the court in which the final judgment or decree was rendered, and from the clerk's judgment no appeal was taken. Ann. Cas. 1913 D, 1125, note;Lunstrom v. Branson, 52 L.R.A. (U.S.), 697, and note; 5 C. J., 1323 (15).
But upon a careful examination of the record and the authorities, we have concluded that there is another theory upon which the judgment may be modified and upheld. The principal distinction between a writ of assistance and a writ of possession is this: While the office of each is to put a party entitled thereto into the possession of property, the former issues from a court of equity and the latter from a court of law. 2 R. C. L., 726.
The final decree, signed by the clerk in the proceeding for partition, dissolved the unity of possession; and while it did not pass title, it vested in severalty the title to each of the tracts or parcels allotted to the respective tenants, and operated as an estoppel upon the parties to the proceeding and those in privity with them. Not having appealed from the clerk's judgment, the parties assented to it, and cannot now impeach it. Each tenant is entitled to the possession of the share allotted him, and if one tenant withhold such possession, we see no satisfactory reason why the clerk should not issue a writ of possession in behalf of the legal claimant and dispossess the party who, while bound by the decree, wrongfully withholds possession. Although the plaintiff has applied for a writ of assistance, its affidavit meets the requirements of a motion for a haberefacias possessionem, or writ of possession; and as the original proceeding was at law, we think the plaintiff is entitled to the latter writ. It would be unreasonable to require the plaintiff to bring a separate action at law to eject an intruder who, as a party to the proceeding, is estopped by the judgment. C. S., 3231; Weeks v. McPhail, 128 N.C. 129; S. c., 129 N.C. 73;Buchanan v. Harrington, 152 N.C. 333; Weston v. Lumber Co., 162 N.C. 165;Propst v. Caldwell, 172 N.C. 594.
The judgment is modified to the extent of authorizing the clerk to issue a writ of possession instead of a writ of assistance, commanding the proper officer to dispossess the appellant and put the plaintiff in possession of the land allotted it by the judgment of the clerk.
The appellant's motion to dismiss for want of service is without merit.
Modified and affirmed. *Page 749