KNOTT WAREHOUSE COMPANY, J. T. HARRIS AND WIFE, AND R. E. BELCHER AND WIFE, v. W. R. WILLIS, TRUSTEE, AND CITIZENS BANK.

(Filed 2 October, 1929.)

**1. Assistance, Writ of B a—Issuance of writ held proper in this case.**

Where land has been sold by commissioners in foreclosure proceedings under a decree of court, and the sale duly confirmed, upon possession being withheld from the purchaser at the sale it is proper for the court in its equitable jurisdiction to order a writ of assistance to evict the wrongful possessor and to place the purchaser in possession of the lands.

**2. Appeal and Error J a—Judgment authorizing writ of assistance is presumed correct on appeal—Pleadings.**

Where the respondents in their answer to a petition for a writ of assistance allege that the petitioner has caused a subdivision of the property so as to convey land not described in the deed of trust under which the petitioner seeks his relief, and the allegations in respect thereto are not denied by the petitioner: *Held,* the allegations have reference to matters of defense which do not require denial, and on appeal when there is no finding in the record in regard thereto and no exception to the refusal of the court to make such finding, it is presumed that the judgment authorizing the issuance of the writ is correct and that the petitioner acquired only the land described in the deed of trust, in the judgment of the court, and in the commissioner's deed, and the judgment will be upheld.

APPEAL by R. E. Belcher and wife from a judgment of *Lyon, Emergency Judge,* at April-May Special Term, 1929, of PITT, authorizing a writ of assistance in behalf of Pitt County Insurance and Realty Company, purchaser of land at a judicial sale. Affirmed.

*R. T. Martin for appellants.*
*John Hill Paylor and Albion Dunn for petitioner, appellee.*

ADAMS, J. The facts are set forth in the judgment. On 23 January, 1922, R. E. Belcher and Lucy Belcher, his wife, executed to W. R.

Willis, as trustee, a deed of trust conveying real property described as follows: "The following lands, lying between Barrett and George streets on a certain map made by Harding and Rivers, known as subdivision of the Belcher property at Farmville, North Carolina, dated April, 1928, and being lots Nos. 4, 5, 6, 7, 8, and 9." In 1925 the trust was foreclosed and the property was sold to the petitioner, the Pitt County Insurance and Realty Company, at the price of twelve hundred dollars. The commissioners who had made the sale under a decree in equity, submitted their report recommending that the sale be confirmed. Thereafter the sale was confirmed, and the commissioners were authorized and directed to convey to the petitioner the specific property described in the deed of trust. They complied with this order on 20 July, 1925, the land conveyed being the lots described in the deed of trust and in the decree of foreclosure. The appellants refused to give the petitioner possession.

Upon consideration of the foregoing facts it was adjudged that the petitioner is the owner and entitled to the possession of lots 4, 5, 6, 7, 8 and 9, as they appear on the map referred to in the deed of trust, and that a writ of assistance be issued directing the sheriff to evict the appellants and to put the petitioner in possession of the property.

A writ of assistance is a form of process issued by a court of equity to transfer the possession of lands, the title or right of possession to which it has previously adjudicated, as a means of enforcing its decree. *Bank v. Leverette,* 187 N. C., 743; *Lee v. Thornton,* 176 N. C., 208; *Knight v. Houghtalling,* 94 N. C., 408. These and similar decisions sustain the judgment upon the facts found by the presiding judge.

In their answer to the petition the appellants allege that the map referred to was not in existence when the deed of trust was executed, and that the petitioner has caused a subdivision of the property so as to convey the land not described in the deed of trust; and in their brief they take the position, as we understand, that as their allegations are not denied they must be taken to be true. The allegations, however, are matters of defense which are deemed to be denied; and in the record there is no finding in reference to them and no exception to the court's refusal to find any facts relating to them. The only land acquired by the purchaser is that which is described in the deed of trust, in the judgment of the court, and in the deed of the commissioners. Judgment

Affirmed.