Error.

COUNTY OF WAKE v. A. P. JOHNSON AND HIS WIFE, ANNIE JOHNSON.

(Filed 2 May, 1934.)

**Taxation H c—Title of purchaser at tax foreclosure sale may not be attacked upon hearing of its motion for writ of assistance.**

The title of the purchaser at a tax foreclosure sale may not be challenged by the listed owner upon the purchaser's motion for a writ of assistance. In the instant case the land was bought by a municipality and it does not appear of record that the purchase of the land was *ultra vires,* a municipality having the power to purchase land for certain purposes. C. S., 2623(3).

APPEAL by defendants from *Harris, J.,* at October Term, 1933, of WAKE. Affirmed.

This is an action to foreclose a tax certificate owned by the plaintiff. Under a decree rendered in the action, the land listed by the defendants for taxation by the county of Wake, and described in the tax certificate, was sold and conveyed by a commissioner appointed by the court for that purpose to the town of Wake Forest, a municipal corporation of this State.

The action was heard on a motion by the town of Wake Forest, the purchaser at the foreclosure sale, for a writ of assistance to be directed to the sheriff of Wake County, commanding the said sheriff to remove the defendants from and to put the said purchaser in possession of the land conveyed to the said purchaser by its deed. The defendants resisted the said motion on the ground that the town of Wake Forest had no power or authority to purchase the land described in its deed, and for that reason acquired no title to said land by the said deed.

From an order that the clerk of the Superior Court of Wake County issue the writ in accordance with the motion, the defendants appealed to the Supreme Court.

*Wilson & Green for town of Wake Forest.*
*Gulley & Gulley for defendants.*

CONNOR, J. The title of the purchaser at a foreclosure sale, to whom the land described in the complaint has been conveyed by the commissioner appointed by the court for that purpose, cannot be challenged by a party to the action in which the decree of foreclosure was rendered, upon the application of the purchaser for a writ of assistance. The decree and all proceedings pursuant thereto are binding and conclusive on the parties to the action, and on their privies. See *Bank v. Leverette,* 187 N. C., 743, 123 S. E., 268; *Exum v. Baker,* 115 N. C., 242, 20 S. E., 448.

In the instant case, the deed of the commissioner to the town of Wake Forest is not void. A municipal corporation has the power to purchase land for certain purposes. C. S., 2623(3). It does not appear from the record in this case that the purchase of the land described in its deed by the town of Wake Forest was *ultra vires.*

The order that the clerk of the Superior Court issue the writ of assistance in accordance with the motion of the town of Wake Forest is

Affirmed.