MRS. BERTIE T. GOWER AND HUSBAND, F. G. GOWER, v. TOWN OF CLAYTON AND R. U. BARBER, SHERIFF OF JOHNSTON COUNTY.

(Filed 19 October, 1938.)

1. **Assistance, Writ of, § 1—Grounds for writ of assistance in general.**

   A writ of assistance issues from a court having equitable jurisdiction to enforce its decrees or orders conferring a clear right to the present possession or enjoyment of real property, and ordinarily it issues only on motion after due notice and against parties or persons bound by the terms of the decree.

2. **Process § 4—When original summons is not kept alive by alias and pluries summons, it works discontinuance of action as to that party.**

   When a party is not served with original summons, and process against her is not kept alive by *alias* and *pluries* summons as required by statute, C. S., 480, it works a discontinuance of the action as to her, and summons thereafter served constitutes a new action as of that date. C. S., 481.

3. **Assistance, Writ of, § 1: Taxation § 42—Held: Municipality failed to show right to writ of assistance for land sold for taxes.**

   Where one of the tenants in common in lands conveys her interest therein prior to the institution of tax foreclosure suit against her by the service of summons, it would seem that the purchaser from the tenant is not bound by the judgment in the tax foreclosure suit, and the municipality foreclosing the taxes is not entitled to a writ of assistance for possession of the lands.

APPEAL by plaintiff from *Harris, J.,* at Chambers, 2 July, 1938. From JOHNSTON.

Civil action to restrain execution of writ of assistance.

The uncontroverted facts are substantially these:

The town of Clayton, on 30 September, 1935, instituted an action in the Superior Court of Johnston County for the foreclosure of real estate tax sales certificates for taxes listed in the name of Ashley Horne estate for the years 1928 to 1932, both inclusive.

At that time the heirs at law of Ashley Horne were Chas. W. Horne, Mrs. W. M. Priddy and Mrs. E. H. McCullers. Chas. W. Horne was then in bankruptcy and C. A. Gosney was the trustee in charge of the bankrupt's estate. Dr. E. H. McCullers, Melba Misenheimer and I. W. Farmer, receiver, had acquired the interest of Mrs. McCullers. C. A. Gosney, as trustee, Mrs. W. M. Priddy, Dr. E. H. McCullers, Melba Misenheimer and I. W. Farmer, receiver, were named defendants. In due time summons was served upon all of them except Mrs. Priddy, who was not served until 14 February, 1938. In the meantime no *alias* or *pluries* summons had issued for her. Interlocutory judgment was entered on 21 March, 1938. Sale was had on 20 April, 1938. The town

of Clayton became the purchaser and the sale was confirmed and deed executed and delivered to the town and filed for registration on 2 May, 1938, and registered the next day.

On 13 November, 1936, C. A. Gosney, as trustee in bankruptcy of Chas. W. Horne, sold and conveyed the interest of Chas. W. Horne in the real estate in question to the plaintiff therein, Mrs. Bertie T. Gower, who then went into, and has since continued in actual possession of the real estate.

On 28 January, 1938, Jas. D. Parker and Norman C. Shepard, commissioners, under a judgment of the Superior Court of Johnston County in a special proceeding entitled, "Swannanoa H. Priddy et al. v. C. A. Gosney et al.," sold and conveyed to Mrs. Bertie T. Gower all of the interest of the heirs in and to the real estate in question, deed for which was filed for registration on 30 April, 1938, and registered on 2 May, 1938.

The plaintiff, Mrs. Bertie T. Gower, was not a party to the tax foreclosure suit hereinabove described.

Writ of assistance issued on 12 May, 1938.

Thereupon temporary injunction was obtained against the execution of the writ. From judgment dissolving the injunction to the end that the writ be executed, plaintiffs appealed to the Supreme Court, and assign error.

*J. M. Broughton, J. A. Narron, and Wm. H. Yarborough, Jr., for plaintiffs, appellants.*

*Abell & Shepard and Ed. F. Ward for defendants, appellees.*

WINBORNE, J. On this record writ of assistance will not issue.

"The writ of assistance, in its ordinary acceptance, is one issuing from a court having general equitable jurisdiction for the enforcement of decrees or orders conferring a right to the present possession or enjoyment of property. It usually issues on motion after notice duly served, when the right thereto is clear, and, as a rule, only against parties or persons bound by the terms of the decree," *Hoke, J.,* in *Clarke v. Aldridge,* 162 N. C., 326, 78 S. E., 216. *Knight v. Houghtalling,* 94 N. C., 408; *Coor v. Smith,* 107 N. C., 430, 11 S. E., 1089; *Exum v. Baker,* 115 N. C., 242, 20 S. E., 448; *Wagon Co. v. Byrd,* 119 N. C., 460, 26 S. E., 144; *Lee v. Thornton,* 176 N. C., 208, 97 S. E., 23; *Bank v. Leverette,* 187 N. C., 743, 123 S. E., 68; *Warehouse Co. v. Willis,* 197 N. C., 476, 149 S. E., 679.

Here, while Mrs. W. M. Priddy was named a party defendant to the tax foreclosure suit, she was not served with original summons. The

process was not kept alive by *alias* and *pluries* summons as required by statute. C. S., 480. This worked a discontinuance of the action as to her. Summons served thereafter constituted a new action against her, "beginning when the summons was issued"—14 February, 1938. C. S., 481.

Prior thereto, on 28 January, 1938, the interest of Mrs. Priddy had been sold and conveyed to plaintiff, Mrs. Bertie T. Gower, by the commissioners, Parker and Shepard. Therefore, it would seem that at least in so far as that interest is concerned, the plaintiffs would not be bound by the judgment in the said tax foreclosure suit. Hence, tested by the above stated rule of law, it does not appear that the town of Clayton has a clear right to the possession of the real estate in question—and there is error in dissolving the injunction.

Other questions discussed in briefs here need not now be considered.

The judgment below is