### J. C. McMILLAN v. E. W. TEACHEY.

(Filed 21 October, 1914.)

**Judgment—Estoppel.**

In a former suit to foreclose a mortgage on certain lands fully described in the pleadings, the *locus in quo* was sold by a commissioner duly appointed for the purpose, under a decree ordering the sale, which conformed to the description contained in the pleadings, and the plaintiff in this action claims under the commissioner's deed, containing the same description. The defendant in the present action was also a party defendant in the suit to foreclose, and it is held that he is estopped by the judgment therein from showing that the boundaries set out in the present case, and in the former suit, did not correctly describe the lands contained in the mortgage.

APPEAL by defendant from *Whedbee, J.,* at February Term, 1914, of DUPLIN.

Civil action to recover land. Verdict and judgment for plaintiff, and defendant excepted and appealed.

*Stevens & Beasley for plaintiff.*
*G. R. Ward and H. D. Williams for defendant.*

HOKE, J. On the hearing it was properly made to appear, from a perusal of the pleadings and the admission of the parties, made in open court on the trial, that plaintiff claimed the land as grantee under a deed from J. R. Bell, who purchased the same at a judicial sale, under decree in case of *Bradshaw, executor, v. E. W. Teachey and Frank Brice.* That action was against present defendant and said Brice, to foreclose a mortgage for the purchase money and establish a lien on the land in controversy, and the land was fully described in the pleadings in that cause, and same description was in report of commissioner who made the sale and in the deed to the purchaser, and in conveyance from said purchaser to the present defendant. There was judgment by default in the *Bradshaw case,* no defense thereto having been made or attempted.

It was admitted on the present trial, "That E. W. Teachey, defendant in the present action, is the same E. W. Teachey who was one of the defendants in suit of *Bradshaw, executor, v. Teachey;* that he was in present possession of the land in controversy and that the plaintiff claims under the deed from J. R. Bell and by mesne conveyances from court commissioner in the case of *Bradshaw, executor, etc.,* and that the land run and located according to the description set out in complaint in that case and described in the judgment therein and in the commissioner's deed to Bell and in the deed from Bell to the present plaintiff includes the land in controversy and is the same land described in the complaint in the present action."

Upon these facts and admissions we think his Honor correctly held that plaintiff is the owner and entitled to the possession of the property, and that defendant E. W. Teachey is estopped from showing that the boundaries set out in the present case and in that of *Bradshaw, executor, etc.,* did not correctly describe the land embraced in the mortgage, but that the same produced a wrongful interference, to the extent of 8 or 10 acres, with the boundaries of an adjoining tract which plaintiff now owns and did at the time the Bradshaw proceedings were instituted and decree therein was entered. It has been repeatedly decided with us that an estoppel by judgment will bind parties and privies "as to all issuable matters presented by the pleadings, and, though not issuable in the technical sense, it concludes, among other things, as to all matters within the scope of the pleading which are material and relevant and were in fact investigated and determined on the hearing." *Ferebee v. Sawyer, post,*

199; *In re Will of Thomas F. Floyd,* 161 N. C., 557; *Coltrane v. Laughlin,* 157 N. C., 282; *Bunker v. Bunker,* 140 N. C., 18; *Tyler v. Capehart,* 125 N. C., 64.

In the case of *Bradshaw, executor, v. Teachey et al.* the description of the land mortgaged, set forth by specific metes and bounds, was clearly issuable matter within the meaning of the principle, and, on that question, the parties to the proceedings and their privies are concluded. We were referred by counsel for defendant to *Clark v. Aldridge,* 162 N. C., 326, and other cases as authorities against the present decision, but we do not so interpret them. In *Clark's case,* the one more particularly relied upon, the former suit was a partition proceeding among the heirs at law of D. S. Clark, deceased, and one Benjamin Aldridge was allowed to become defendant and plead sole seizin as to a portion of the property, under deeds from D. S. Clark, the former owner and ancestor of the other parties; issue was joined on the delivery of these deeds, and, on a verdict sustaining delivery, it was held that Aldridge in the subsequent suit was not estopped from offering evidence as to the correct location of these deeds. On this question the decision of the Court was as follows: "A judgment in an action for lands which only involves the issue as to whether the deed under which a party claims title has been delivered, does not, as between parties or against privies who claim as volunteers, prevent the party claiming title under the deed from showing that the original grantor had gone upon the lands and made a physical survey of the same and that the *locus in quo* was included within the intended boundaries, though they do not so appear on the face of the deed as written, there being no question of boundaries raised in the action wherein the judgment relied on was rendered."

Speaking to this question in the closing portion of the opinion, the Court said: "In such case (where boundary lines as contained in the deeds are in conflict with contemporaneous and physical location by the parties thereto) it has not been held that any change in the phraseology of the deeds is required, and, therefore, where the only issue involved was as to the delivery of the deeds, and there was no question of boundary either raised, considered, or determined, a decree awarding to the party litigant the lands 'contained in the deeds' should, by correct interpretation, be construed to mean 'as contained' in the deeds correctly located according to law."

It will thus be noted that in *Aldridge's case* it was not proposed, as here, to change in any way the boundaries as shown in the deeds, but the testimony received was only to show, under established rules of evidence in such cases, where the boundaries were.

The other cases cited by counsel were chiefly those where the second suit was on a different cause of action from that presented and involved

in the first, and where, as shown by *Associate Justice Allen* in *McTeer Clothing Co. v. Hay,* 163 N. C., 495, an estoppel in the former is only allowed to prevail as to relevant matter which was actually investigated and determined.

There is no error, and the judgment in plaintiff's favor is affirmed.

No error.