MARY B. BOHANNON v. VIRGINIA TRUST COMPANY ET AL.

(Filed 10 October, 1934.)

**Assistance, Writ of, A a—Only party deriving title immediately from commissioner's deed is entitled to writ of assistance.**

A party purchasing land at a judicial sale is entitled to a writ of assistance to put him in possession, but a purchaser at such sale who transfers his title to a third person before applying for the writ, or who so transfers his title and takes a reconveyance back from his grantee, is not entitled to such writ.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by Sussex Corporation, movant, from *Schenck, J.,* at May Term, 1934, of BUNCOMBE.

BOHANNON *v.* TRUST CO.

Motion by Sussex Corporation to vacate order entered at the May Term, 1933, a year previous, and for writ of assistance.

This was an action to restrain foreclosure under power of sale contained in a deed of trust. Foreclosure was later had under order of court in equity. The Sussex Corporation became the purchaser at the commissioner's sale. Writ of assistance was issued 16 January, 1933. Thereafter, at the May Term, 1933, upon motion of plaintiff, the execution of said writ was enjoined or recalled, it appearing that the Sussex Corporation, prior to the issuance of said writ, had conveyed all its interest in the lands by full warranty deed, without reservation of any kind, to Carl V. Reynolds. No appeal was prosecuted from this injunction or vacation of the writ of assistance. Carl V. Reynolds then reconveyed the property to his grantor. Upon this change in title, the Sussex Corporation again applied in this same cause for another writ of assistance.

This second application was denied upon the ground that the prior order vacating or recalling the original writ was *res judicata,* and that movant's present title is immediately derived from the deed of Carl V. Reynolds and not from the deed of the commissioner.

Movant appeals, assigning error.

*Louis A. Whitener and Jones & Ward for plaintiff.*
*Bourne, Parker, Bernard & DuBose for movant.*

STACY, C. J. It is not perceived upon what theory valid objection to the ruling of the trial court may be predicated. Having lost its right to a summary writ of assistance by conveying the premises to another and allowing the matter to be so adjudicated without appeal, movant is in no position to ask for further assistance in the present proceeding. Its remedy now is by suit in ejectment.

That one who buys at a judicial sale is entitled to a writ of assistance is not questioned (*Bank v. Leverette,* 187 N. C., 743, 123 S. E., 68; *Knight v. Houghtalling,* 94 N. C., 408), but movant parted with the title which it acquired under the commissioner's deed before applying for such writ. At any rate, it allowed the matter to be so adjudged without appeal.

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.