ANNYE U. ALEXANDER v. WILL ED THOMPSON AND VICTOR S. BRYANT, TRUSTEE.

(Filed 6 January, 1937.)

**Assistance, Writ of, § 1—Purchaser at foreclosure sale by action held entitled to writ of assistance against tenants at sufferance of trustor.**

The purchaser at a foreclosure sale by commissioners appointed by the court is entitled to a writ of assistance against persons in possession, even

though they were not parties to the action in which foreclosure was decreed, when it appears that prior to the institution of the action they had entered a consent judgment stipulating that they had no interest in the land other than tenants at sufferance of the trustor.

APPEAL by respondents, Margaret Umstead, J. N. Umstead, Jr., and Mrs. Elizabeth J. Umstead, from *Frizzelle, J.,* at June Term, 1936, of DURHAM. Affirmed.

This action was begun in the Superior Court of Durham County, on 15 September, 1934.

On the facts alleged in her complaint, the plaintiff prayed that the defendants be restrained and enjoined from selling the land described in the complaint under the power of sale contained in a deed of trust which was executed by the plaintiff to the defendant Victor S. Bryant, trustee, to secure the payment of her notes to the defendant Will Ed Thompson.

In their answer, the defendants denied the allegations of the complaint which constitute the cause of action alleged therein, and pleaded certain matters set out in the answer in bar of plaintiff's recovery in the action. They prayed judgment against the plaintiff on her notes held by the defendant Will Ed Thompson, and for the foreclosure of the deed of trust by which the said notes were secured.

Pursuant to a judgment and decree in the action, commissioners appointed by the court for that purpose, sold the land described in the complaint to the defendant Will Ed Thompson, who was the last and highest bidder for said land. The sale was duly confirmed, and the commissioners, as they were directed to do by the court, conveyed the said land to the defendant Will Ed Thompson by deed, which is dated 11 March, 1936.

The action was heard at June Term, 1936, of the Superior Court of Durham County on the return to a notice issued to the plaintiff Annye U. Alexander and her husband, W. J. Alexander, and to Margaret Umstead, J. N. Umstead, Jr., and Mrs. Elizabeth J. Umstead, to show cause why a writ of assistance should not be issued in the action on the petition of the defendant Will Ed Thompson, as purchaser of the land described in the complaint.

At the hearing, on the facts found by the court, it was ordered, adjudged, and decreed that Will Ed Thompson is the owner and is entitled to the possession of the land described in the complaint, under and by virtue of the deed executed to him by A. A. McDonald and Victor S. Bryant, commissioners, dated 11 March, 1936.

It was further ordered and decreed that the sheriff of Durham County be and he was instructed and directed to expel from said land the respondents, Annye U. Alexander and her husband, W. J. Alexander, and Margaret Umstead, J. N. Umstead, Jr., and Mrs. Elizabeth J. Umstead,

and all persons now in possession of said land claiming under the plaintiff Annye U. Alexander.

It was further ordered that the sheriff of Durham County be and he was authorized to enter upon said land for the purpose of expelling the respondents, and all persons claiming under them, from said land, and of putting the petitioner, Will Ed Thompson, in possession thereof.

The respondents, Margaret Umstead, J. N. Umstead, Jr., and Mrs. Elizabeth Umstead, excepted to the judgment and order, and appealed to the Supreme Court, assigning error on the judgment and order.

*E. L. Culbreth for respondents.*
*Bryant & Jones for petitioner.*

PER CURIAM. At the hearing of this matter, the court found that at January Term, 1936, of the Superior Court of Durham County, in an action entitled "W. J. Alexander and his wife, Annye U. Alexander, *v.* Will Ed Thompson, Victor S. Bryant, Trustee, N. V. Ray, Mrs. Elizabeth J. Umstead, J. N. Umstead, Jr., and Margaret Umstead," in which the title to the land described in the complaint in the action was involved, a judgment was rendered by consent of all the parties to said action. In said judgment there is a recital to the effect that neither Mrs. Elizabeth J. Umstead nor J. N. Umstead, Jr., nor Margaret Umstead has any interest in or title to the land described in the complaint, except as tenants by sufferance of the plaintiff, Annye U. Alexander.

By reason of this finding of fact, there was no error in the judgment and order that a writ of assistance be issued in this action. In *Bohannon v. Trust Company*, 207 N. C., 163, 176 S. E., 268, it is said: "That one who buys at a judicial sale is entitled to a writ of assistance is not questioned. *Bank v. Leverette*, 187 N. C., 743, 123 S. E., 68; *Knight v. Houghtalling*, 94 N. C., 408." On the facts found by the court in the instant case, the petitioner was entitled to the writ as prayed for by him.

Affirmed.