STACY, C. J., dissenting.
BARNHILL and WINBORNE, JJ., concur in dissent.
This is an action in ejectment wherein defendants had executed a deed of trust upon certain lands in the town of Andrews, *Page 198 
Cherokee County, which deed of trust was duly foreclosed and the plaintiff became the purchaser at the foreclosure sale.
The description of the land in the deed of trust and in the deed from the substituted trustee in the deed of trust to the plaintiff was as follows: "Second Lot. Beginning at a stake, said stake standing at the point of intersection of the south margin of Chestnut Street with the east margin of First Avenue, and runs thence with said east margin of First Avenue south 20 west 75 feet to a stake in said margin; thence south 70 east 100 feet to a stake in the west margin of a ten-foot private alley; thence with said west margin of said alley north 20 east 75 feet to a stake in the margin of Chestnut Street; thence with the south margin of Chestnut Street north 70 west 100 feet to the point of beginning.
"And being all of those certain lots conveyed to W. B. Fisher and wife, Leila Fisher, by deed from A. B. Andrews et al., dated the 19th day of January, 1899, and recorded in Book 31, page 81, of the Records of Deeds for Cherokee County, North Carolina, and in deed from A. B. Andrews et al., S. Porter and wife, W. C. Wilkes and wife, recorded in Book 56, page 565, Book 37, page 366, Book 58, page 249, of Records of Deeds for Cherokee County."
The jury having answered the issues in favor of the plaintiff, the court entered judgment that the plaintiff was the owner of and was entitled to recover the possession of the land described in the complaint, as follows:
"Situated in Cherokee County, Andrews, N.C. Beginning at stake, said stake standing at the point of intersection of the south margin of Chestnut Street with the east margin of First Avenue, and runs thence with said east margin of First Avenue south 20 west 125 feet to a stake in said east margin; thence south 70 east 100 feet to a stake in the west margin of a ten-foot private alley; thence with said west margin of said alley north 20 east 125 feet to a stake in the margin of Chestnut Street; thence with the south margin of Chestnut Street north 70 west 100 feet to the point of beginning."
The court charged the jury in effect that the description of the land in the deed of trust signed by the defendants and in the deed of the substituted trustee to the plaintiff included the lands described in the complaint (which was the same as set forth in the judgment), to which charge the defendants preserved exceptions, and rely principally upon such exceptions on this appeal.
The particular or specific description contained in the deed of trust given by the defendants and in the deed from the substituted trustee to the plaintiff constitutes a parallelogram 100 by 75 feet on the corner of First Avenue and Chestnut Street in the town of Andrews, and includes Lots 1, 2 and 3 in Block D, each lot fronting 25 feet on First Avenue, and running back 100 feet to a ten-foot alley. *Page 199 
The deed from A. B. Andrews et al. to W. B. Fisher and wife, Leila Fisher, dated 19 January, 1899, recorded in Book 31, page 81, of the Records of Deeds for Cherokee County, conveyed to defendants "Lots Nos. 3 and 4 in Block D, in said town of Andrews, Cherokee County, North Carolina."
The deed from S. Porter and wife to W. B. Fisher, recorded in Records of Deeds No. 37, page 366, conveyed to defendant W. B. Fisher "Town Lot 5, in Block D, of the town of Andrews."
Lots 4 and 5, Block D, each have a frontage of 25 feet on First Avenue and run back 100 feet to a ten-foot alley, and Lot 4 is contiguous to Lot 3, and Lot 5 is contiguous to Lot 4. Lots 4 and 5 together with Lots 1, 2 and 3 constitute a parallelogram 100 by 125 feet.
The deed from A. B. Andrews et al. to W. B. Fisher, recorded in Book 58, page 249, Records of Deeds for Cherokee County, conveys "Lot No. 17 in Block D"; and the deed from W. C. Wilkes and wife to W. B. Fisher and wife, recorded in Book 56, page 565, said records, conveys "Lot No. 18 in Block D in the plat of said town." The land conveyed by these deeds, Lots 17 and 18, in Block D, are not involved in this appeal.
The question presented for answer is: Does the particular or specific description control, in which event only Lots 1, 2 and 3 of Block D would be included; or does the general description control, in which event only Lots 3, 4 and 5 of Block D would be included, or do both particular or specific description and general description control, in which event all of the lots involved, Lots 1, 2, 3, 4 and 5 of Block D, would be included?
The defendants, appellants, contend that the particular or specific description controls and that they conveyed by their deed of trust and the substituted trustee conveyed to the plaintiff only Lots 1, 2 and 3.
His Honor was of the opinion, and so held and in effect so charged the jury, that the particular or specific description and the general description control, and the defendants conveyed by their deed of trust and the substituted trustee conveyed to the plaintiff Lots 1, 2, 3, 4, and 5 of Block D.
We concur in his Honor's holding.
Reference to one deed in another for the purpose of description is equivalent to incorporating and setting out its description in full. Eulissv. McAdams, 108 N.C. 507; Williams v. Bailey, 178 N.C. 630.
"The entire description in a deed should be considered in determining the identity of the land conveyed. Clauses inserted in a deed should be regarded as inserted for a purpose, and should be given a meaning that would aid the description. Every part of the deed ought, if possible, to take effect, and every word to operate." Quelch v. Futch, 172 N.C. 316. *Page 200 
By giving the construction the court did to the description in the deed of trust and in the trustee's deed to the plaintiff every word therein took effect and was operative, whereas had the construction contended for by the defendants been given the general description would have been ignored and rendered nugatory. There is no variance between the particular or specific description and the general description. The latter is merely the description of land in addition to the land described in the former, with a lappage over Lot No. 3. In this respect the description involved in the instant case differs from the descriptions involved in Potter v. Bonner,174 N.C. 20, and other cases cited by the appellants sustaining the rule that when there is a variance between the particular and general description in a deed, the particular description controls.
"By the modern and prevailing doctrine, we are required to examine the entire instrument and ascertain the true intention of the parties, for that is what the law seeks to effectuate." Dill v. Lumber Co., 183 N.C. 660
(668), and cases there cited; and this is so even though it contravenes the rule that a more particular description controls when at variance with a general description in the same instrument. Dill v. Lumber Co., supra.
We have examined the exceptions to the evidence set out in appellants' brief and find no prejudicial error therein.
In the trial in the Superior Court we find
No error.