MYRBLE ROBERTSON, ADMINISTRATRIX OF NOAH ROBERTSON; AND MYRBLE LOVING ROBERTSON v. CLETUS FRANKLIN ROBERTSON AND THURMAN SPEASE ROBERTSON, HEIRS AT LAW.

(Filed 23 November, 1960.)

1. **Executors and Administrators § 16—**

   While the authority of the court to order a sale of lands of a decedent to make assets is limited to the property owned by decedent, and the court may not order property owned by his heirs to be sold, the purchaser at the sale is entitled to a writ of assistance against the heirs as to all property purchased at the sale which is liable for the debts of the deceased.

2. **Same—**

   Deed pursuant to a sale to make assets is subject to the same rules in ascertaining the boundaries of the land conveyed as though the instrument were a voluntary conveyance by the heirs, and what are the boundaries is to be determined as a matter of law by the court in conformity with the description set out in the deed to the purchaser, while the location of such boundaries on the ground is a question of fact for the jury.

3. **Same—**

   In ascertaining the boundaries in accordance with the description set out in the deed to the purchaser at a sale of lands of decedent to make assets, it is proper for the court to consider the situation of the parties and all pertinent descriptive matter in order to ascertain the intent of the parties.

**4. Same—**

   Where the petition for sale of realty to make assets describes the land by metes and bounds, excepting therefrom certain land theretofore sold by the decedent, with further averment to the effect that the land included in the description comprised a house, lot and outbuildings owned by decedent, and the heirs file answer admitting that the decedent was the owner of the real property described in the petition, the heirs are estopped by their admissions, supplemented by the order of sale and deed to the purchaser containing a description in conformity with that set out in the petition, and none of them may assert that the house and lot had theretofore been conveyed to one of them.

APPEAL by George W. Braddy from *Sharp, S. J.,* June 20, 1960 Term, of FORSYTH.

In May 1953 Myrble Robertson, individually and as administratrix of the estate of her deceased husband N. L. Robertson, instituted a proceeding against defendants, his children and heirs at law, pursuant to the provisions of G.S. 28-81 to make assets for the payment of debts. Section 7 of the petition alleged deceased owned at his death land described as: "Beginning at an iron stake on the east side of a Road now Norman Road, at a point 914 feet from Mt. Tabor Road, and on the east side of said Road, and being the South-west corner of Rupert Ring, and then running thence East along Rupert Ring's line 267 feet to an iron stake in the line of C. F. Shields property, thence south along Shields' line 306 feet to an iron in line of Shields' property, thence west along Shields' line 297 feet to a stake on the side of Road, thence north along the east side of the road 306 feet to the place of beginning, being the properties conveyed by O. L. Shields and wife to N. L. Robertson and wife Lenora M. Robertson by deeds recorded in D. B. 200, page 55, and by Quit claim deed recorded in D. B. 324, page 310, office of Register of Deeds of Forsyth County, and referred to for a full and complete description; Excepting a deed by N. L. Robertson and wife Lenora M. Robertson, to Cletus F. Robertson and wife, Flossie S. Robertson, D. B. 551, page 132, and D. D. Shields from N. L. Robertson and wife to D. D. Shields recorded in D. B. 567, p. 114, Office of Register of Deeds of Forsyth County, these deeds being excepted from the above described property."

Section 7 further alleges: "That it is necessary to sell said real property to create assets to finish settling said estate; and that said premises consist of a house and lot that it is not reasonably possible to set aside said dower in said premises. . .the widow is not able to make her home in just a portion of the premises, and during the past several months she has been required to live elsewhere.

"The property left consists of a 5-room house and lot and out-buildings." .

Petitioner asked for the allotment of the cash value of her dower from the proceeds of sale.

. Defendants, answering the petition, said: "That the allegations of paragraph VII of the petition are denied, except that it is admitted that the deceased was the owner of the real property described in the petition. It is further admitted that the widow is entitled to her dower in said real property.

To avoid a sale they aver in their further answer they had "advised the Petitioner, her counsel, and the Clerk of Court that they, the respondents, would pay any and all just debts presented against the said estate in order that the family home would not have to be sold to create assets." .

On 22 February 1954 the assistant clerk of the Superior Court of Forsyth County, finding that sufficient time had been allowed defendants to provide funds to pay the debts and their failure to do so, ordered a sale of the property, reciting in the order that the widow was entitled to dower "in said premises, same being house and lot left by the deceased." .

Pursuant to this order the administratrix sold the property to S. I. Craft for $2438.75 in May 1955. The sale was confirmed 9 June 1955 with direction that a deed be made. On 11 June 1955 the administratrix, reciting that she was acting pursuant to the order so entered, executed a deed to Craft, the purchaser, for property described as: "Same being the homeplace of Noah Leon Robertson dec. at time of his death; and lying and being in Forsyth County, N. C., on Norman Road. . . ," following which is a description by metes and bounds in substantial conformity with those set out in the petition, followed by an exception of the properties theretofore sold as recited in the petition.

On 7 July 1955 the assistant clerk of the Superior Court of Forsyth County, on motion of petitioner Myrble Robertson, and S. I. Craft, the purchaser, issued a writ of possession requiring defendant Thurman Spease Robertson to vacate and surrender possession to the purchaser. This writ was served on defendant Thurman Spease Robertson on the day it was issued. The record does not disclose any further action in the proceeding until February 1957 at which time S. I. Craft, purchaser at the judicial sale, filed a petition for a writ of possession requiring defendant Thurman Spease Robertson to surrender possession to him or his assignee George W. Braddy. Defendant Thurman Spease Robertson, answering the petition for the writ, denied

all of the allegations and for further answer thereto said: "That this respondent is occupying the house and portion of the lot which was specifically conveyed to his brother, CLETUS FRANKLIN ROBERTSON, by his father and mother by deed of conveyance recorded in the Office of the Register of Deeds of Forsyth County, in Deed Book 551, Page 132; that the said description contained in said deed specifically conveyed to the said CLETUS FRANKLIN ROBERTSON the house and a substantial portion of the lot which this petition seeks to dispossess this respondent from; that the notice of sale and the confirmation specifically excluded the portion of the lot on which the house was situated by the terms of the notice and the order of sale."

The clerk heard the parties. He found the purchaser was the owner of part of the property claimed by him. There is no building on that portion. He directed that a writ issue putting the petitioner Braddy in possession of that property. Petitioners Craft and Braddy excepted to the order so entered and appealed. The purchaser and his assignee appeared before Judge Armstrong in support of their motion for the writ. The defendants, Cletus Franklin Robertson and Thurman Spease Robertson, appeared and resisted the issuance of the writ. The court, after hearing the parties, entered an order remanding the cause "to the Clerk of the Superior Court for determination of all questions of fact and law, and for the issuance of a writ of possession, as by law provided." He directed a survey of the properties. On 4 April 1960, the clerk, after hearing the parties, found: ". . . that that portion of the land on which is situated a dwelling house is actually on the land that was deeded to Cletus Franklin Robertson and wife, Flossie S. Robertson by deed from N. L. Robertson and wife, Lenora May Robertson."

"That the Court has attached to and made a part of this order a map prepared by Otis A. Jones, a Registered Surveyor, said map being marked EXHIBIT A and that the Court has numbered the tracts shown on said map being marked Exhibit A; said tracts being numbered 1 through 5."

"That from admissions made to the Court and from evidence offered the undersigned Clerk, N. L. Robertson, at the time of his death and for sometime prior thereto occupied a dwelling house as shown on Tract No. 4 on the map attached hereto and made a part hereof."

Based on his findings he concluded that a writ of possession should issue giving the purchaser or his assignee the possession of lot no. 3. Lots 1 and 2 are the excepted portions sold to Shields. No question is raised as to those lots. Braddy, as assignee of the purchaser, ex-

cepted and appealed to the Superior Court. Judge Sharp affirmed the order of the clerk. Petitioner Braddy excepted and appealed.

*George W. Braddy for appellant.*
*No counsel contra.*

RODMAN, J.  The purchaser at the sale made pursuant to the court's order was entitled as against defendants to a writ of possession for the property adjudged liable for the debts of decedent. *Alexander v. Thompson,* 211 N.C. 124, 189 S.E. 117; *Warehouse Co. v. Willis,* 197 N.C. 476, 149 S.E. 679; *Bank v. Leverette,* 187 N.C. 743, 123 S.E. 68; *Lee v. Thornton,* 176 N.C. 208, 97 S.E. 23; *Terrell v. Allison,* 21 Wall. 289, 22 L. ed. 634.

The court's authority to order a sale was limited to the property owned by decedent. It could not direct a sale of property owned by his heirs. Defendants cannot now be heard to say they owned and their father did not own the property ordered sold. The decree based on the judicial admissions made by defendants is *res judicata.* *Humphrey v. Faison,* 247 N.C. 127, 100 S.E. 2d 524; *Franklin County v. Jones,* 245 N.C. 272, 95 S.E. 2d 863; *Gaither Corp. v. Skinner,* 241 N.C. 532, 85 S.E. 2d 909; *McMillan v. Teachey,* 167 N.C. 88, 83 S.E. 175.

The order of sale was based on the administratrix's allegation of ownership and defendants' admissions. We must interpret these allegations and admissions which resulted in the sale and deed to petitioner as a voluntary conveyance by defendants. What are the rules applicable to determine properties so conveyed? It is well settled that the court must determine as a matter of law what property is conveyed and the boundaries thereof in conformity with the description set out in the instrument conveying title. Where they are located on the ground is a question of fact. *Batson v. Bell,* 249 N.C. 718, 107 S.E. 2d 562; *Brown v. Hodges,* 232 N.C. 537, 61 S.E. 2d 603.

The court is charged with ascertaining the intent of the parties. *Lee v. McDonald,* 230 N.C. 517, 53 S.E. 2d 845; *Sugg v. Greenville,* 169 N.C. 606, 86 S.E. 695. To ascertain intent it is proper to look at the situation of the parties. *Reed v. Elmore,* 246 N.C. 221, 98 S.E. 2d 360. All descriptive matter should be considered. *Tice v. Winchester,* 225 N.C. 673, 36 S.E. 2d 257; *Realty Corp. v. Fisher,* 216 N.C. 197, 4 S.E. 2d 518.

The land claimed by petitioner admittedly lies inside the courses and distances set out in the pleadings and order of sale. Administratrix did not claim ownership of all of the lands within those boundaries.

Hence in praying for a sale, she excepted the parts which decedent had conveyed. On these allegations the burden rested on defendants to show the location of the property excepted. *Paper Co. v. Cedar Works,* 239 N.C. 627, 80 S.E. 2d 665; *Batts v. Batts,* 128 N.C. 21. Plaintiff alleged: "The property left consists of a 5-room house and lot and outbuildings." Defendants admitted their ancestor owned the property described and supplemented the administratrix's description by referring to the property proposed to be sold as "the family home."

Had the petition to sell merely described the land to be sold as the lot and dwelling occupied by N. L. Robertson at the time of his death, that description would have sufficed to identify the property. *Self Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889; *Gilbert v. Wright,* 195 N.C. 165 141 S.E. 577; *Carson v. Ray,* 52 N.C. 609. That in substance is what is alleged. It cannot be doubted that the defendants so understood. Any other construction would be at variance with the admissions appearing in their answer.

The pleadings, supplemented by the order of sale, now estop defendants from asserting that the dwelling was not a part of the property sold because actually within the boundaries of the deed to Cletus Robertson, recorded in D. B. 551, p. 132. The clerk erred in refusing to so hold. This was the legal question which Judge Armstrong directed the clerk to pass on. On petitioner's appeal from the clerk's ruling he was entitled to have the erroneous conclusion reversed. There was error in failing to do so.

Apparently no attempt has been made to establish the location of the boundaries of the lot occupied by N. L. Robertson as his family home. The cause is remanded for this factual determination. When the boundaries have been located upon such evidence as either party may desire to offer, the court may, if necessary, issue its writ of possession to put petitioner in possession of the property so located.

Reversed.